1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

9  DEBORAH BOLLINGER and BRYAN
   BUBNICK, individually and on behalf of all
10 others similarly situated,

   NO.

11                Plaintiffs,

   **CLASS AND COLLECTIVE ACTION**
   **COMPLAINT**

12       v.

   <u>JURY TRIAL DEMANDED</u>

13 RESIDENTIAL CAPITAL, LLC and ALLY
   FINANCIAL, INC.,

14
                 Defendants.
15
16
17
18                    **I.  PRELIMINARY STATEMENT**

19       1.       This is a collective and class action brought by Individual and Representative

20 Plaintiffs Deborah Bollinger and Bryan Bubnick (collectively, "Plaintiffs" or "Washington

21 Class Representatives"), on their own behalf and on behalf of the proposed classes.  Plaintiffs

22 and the putative class members are or were employed by Ally Financial Inc. and Residential

23 Capital, LLC (collectively, "Defendants"), and were denied overtime and other compensation

24 required by state and federal wage and hour laws.  These employees are similarly situated

25 under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act

26 ("FLSA"), 29 U.S.C. § 216(b).

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

2.      The FLSA Collective Class is made up of all persons who are, have been, or will be employed by Defendants as mortgage underwriters at any time during the applicable statutory period (the "Collective Class Period").

3.      The Washington Rule 23 Class is made up of all persons who are, have been, or will be employed by Defendants as mortgage underwriters within the State of Washington at any time during the applicable statutory period (the "Washington Class Period").

4.      During the Collective Class Period and the Washington Class Period, Defendants failed to pay overtime compensation and provide proper meal and rest periods to each member of the respective classes as required by federal and state law.  Plaintiffs seek relief for the Collective Class under the FLSA and for the Washington Class under Washington wage and hour law to remedy Defendants' failure to pay all wages due, failure to pay appropriate overtime compensation, and failure to provide proper meal and rest periods.

## II.  THE PARTIES

5.      Individual and representative Plaintiff Deborah Bollinger is an individual residing in Bothell, Washington.  She was employed by Defendants from approximately May 2000 through July 2008 as a mortgage underwriter in Defendant's Bellevue, Washington office, which operated under the Homecomings Financial name.

6.      Individual and representative Plaintiff Bryan Bubnick is an individual residing in Renton, Washington.  He was employed by Defendants from approximately November 2005 through October 2008 as a mortgage underwriter in Defendants' Bellevue, Washington office, which operated under the Homecomings Financial name.

7.      Defendant Ally Financial Inc. ("Ally Financial") is a Delaware corporation doing business in, and maintaining offices in, several states throughout the United States.  At all times relevant herein, Ally Financial was an employer within the meaning of the FLSA and Washington wage and hour laws.

CLASS AND COLLECTIVE ACTION COMPLAINT - 2

8.      Ally Financial is a finance company that has been in business since 1919.  Until May 2010, Ally Financial operated under the name "GMAC," or some variation thereof.  At all times relevant herein until June 2009, Ally Financial operated under the name GMAC LLC.  In June 2009, GMAC LLC converted from a Delaware limited liability company to a Delaware corporation and began operating under the name GMAC Inc.  In May 2010, GMAC Inc. changed its name to Ally Financial Inc.  Despite the name changes that have occurred during the relevant time period, Ally Financial has continued to operate as the same entity.

9.      During the time period relevant herein, Ally Financial, on its own accord and/or through its subsidiary companies, operated in the State of Washington and in the Seattle metropolitan area.

10.     Defendant Residential Capital, LLC ("ResCap") is a Delaware limited liability company doing business in, and maintaining offices in, several states throughout the United States.  At all times relevant herein, ResCap was an employer within the meaning of the FLSA and Washington wage and hour laws.

11.     ResCap is a subsidiary of Ally Financial.  At all times relevant herein, ResCap has operated Ally Financial's mortgage business.  ResCap's operations included, among other subsidiaries, a mortgage brokerage company called Homecomings Financial.   Through Homecomings Financial, ResCap operated in the State of Washington and in the Seattle metropolitan area.

12.     Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all relevant times, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 ● FAX 206.350.3528

### III.  JURISDICTION & VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. §§ 201 *et seq*.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in the United States District Court, Western District of Washington  pursuant to 28 U.S.C. § 1391, because Defendants operated facilities in this district and because a substantial part of the events giving rise to the claims occurred in this district.

### IV.  FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

15.     Plaintiffs worked as mortgage underwriters in the Homecomings Financial office located in Bellevue, Washington.

16.     Defendant ResCap employed Plaintiffs and other mortgage underwriters who worked under the ResCap umbrella.  Homecomings Financial operated as "Homecomings Financial: A GMAC Company."  ResCap controlled the nature and structure of the employment relationship with Plaintiffs and other similarly situated mortgage underwriters through its human resources department.  For example, ResCap provided Plaintiffs and other similarly situated mortgage underwriters with employment benefits.  Plaintiffs and other similarly situated mortgage underwriters were also subject to ResCap employment policies.

17.     As another example of Defendant ResCap's control over the nature and structure of the employment relationship, ResCap operated the payroll system used to pay Plaintiffs and other similarly situated mortgage underwriters.  ResCap maintained employment records for Plaintiffs and similarly situated employees.  Plaintiffs and other similarly situated mortgage underwriters communicated with employees in ResCap's human resources department throughout their employment, regarding the terms and conditions of employment.  ResCap provided purported WARN Act notice to mortgage underwriters during the Homecomings Financial shutdown in the fall of 2008.

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

18.     Defendant Ally Financial also employed Plaintiffs and other similarly situated mortgage underwriters, directly and/or as an integrated enterprise with ResCap.  Ally Financial exerted control over the nature and structure of the employment relationship with Plaintiffs and other similarly situated mortgage underwriters.  For example, ResCap underwent several phases of reorganization in recent years.  This reorganization led to the elimination or transfer of thousands of jobs.  Ally Financial participated in the decision to eliminate or transfer these jobs.

19.     Defendants Ally Financial and ResCap have common management.  For example, during the time period relevant to this case, many Ally Financial executives served on the board of directors of ResCap.

20.     Defendants Ally Financial and ResCap have interrelated operations.  For example, Ally Financial advertises that it has a "mortgage business," which is in fact ResCap.  Additionally, Ally Financial has rebranded itself, including its mortgage operations, in the time period relevant herein.  Ally Financial and Defendant ResCap are jointly involved in decisions relating to future restructuring of ResCap.

21.     Defendant Ally Financial has control and influence over ResCap's labor relations.  By way of example, Ally Financial has participated in decisions related to layoffs, restructuring, and facility closings at ResCap.

22.     There is common ownership and financial control between Ally Financial and ResCap.  ResCap is a wholly owned subsidiary of Ally Financial.  Additionally, throughout the time period relevant herein, ResCap has been dependent on several capital contributions from Ally Financial.

23.     Each Defendant's gross annual sales made or business done has been $500,000 or greater at all times relevant herein.  Defendants operate in interstate commerce by, among other things, selling mortgage loan and other financial products in multiple states.

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

24.     Defendants suffered and permitted Plaintiffs and other mortgage underwriters to work more than forty hours per week without overtime compensation for all overtime hours worked.  For example, Plaintiffs and other mortgage underwriters regularly worked at least five days a week.   They usually began early in the morning.   Defendants regularly required Plaintiffs and other mortgage underwriters to work into the evenings and on weekends, causing their hours worked to exceed forty in a week on a regular basis.

25.     By way of example, Plaintiff Bollinger most typically worked from approximately 5:30 a.m. to 7:30 p.m. on weekdays.  When she worked Saturdays, she would work for  as many as five hours.

26.     By way of example, Plaintiff Bubnick most typically worked from 7:00 a.m. to 4:00 p.m. on weekdays, and on Saturdays for as many as nine hours.

27.     Defendants uniformly misrepresented to Plaintiffs and other mortgage underwriters that they were exempt salaried employees and therefore ineligible to receive overtime pay.  In reality, Plaintiffs and other mortgage underwriters are, and were, non-exempt production employees who are, and were, entitled to overtime pay.  Defendants are in the business of selling mortgages.   The work performed by Plaintiffs and other mortgage underwriters work is, and was, directly related to mortgage sales.

28.     Because Defendants required Plaintiffs and other mortgage underwriters to review a certain number of files per day, and because Plaintiffs and other mortgage underwriters were required to work until they completed their allocation of files, Plaintiffs and other mortgage underwriters regularly, on average at least weekly, worked through meal periods and rest periods.  Defendants' production requirements, which applied to Plaintiffs and other mortgage underwriters, prevented Plaintiffs and other mortgage underwriters from taking uninterrupted meal and rest periods.

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

29.     Defendants' supervisory employees observed mortgage underwriters working through meal and rest periods.  For example, Plaintiffs and other mortgage underwriters regularly ate lunch while they worked.  Defendants' supervisory employees observed this.

30.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

31.     Defendants are aware of wage and hour laws, as evidenced by the fact that they provide overtime compensation to other employees who are not mortgage underwriters. Additionally, Defendants were aware that contract underwriters who performed services for Defendants were paid overtime by the entities who paid those contract underwriters.

32.     Defendants' conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiffs and other mortgage underwriters.

## V. COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The representative Plaintiffs and other similarly situated individuals have signed consent forms to join this lawsuit, which are attached hereto as Exhibit A.  The employees similarly situated are:

**Collective Class:**     All Persons who are, have been, or will be employed by Defendants as mortgage underwriters at any time from three years prior to the filing of this Complaint through trial of this action.

34.     Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without overtime compensation.

35.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

CLASS AND COLLECTIVE ACTION COMPLAINT - 7

Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## VI.  CLASS ALLEGATIONS

36.     Plaintiffs (as "Washington Class Representatives") bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **Washington Class:**  All Persons who are, have been, or will be employed by Defendants as mortgage underwriters within the State of Washington at any time from three years prior to the filing of this complaint through the trial of this action.

37.     <u>Numerosity</u>:   Upon information and belief, the Proposed Washington Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the applicable statutory period, Defendants employed over forty people who satisfy the definition of the Proposed Washington Class.

38.     <u>Typicality</u>:     The Washington Class Representatives' claims are typical of the members of the Washington Class.  The Washington Class Representatives are informed and believe that, like other mortgage underwriters, they routinely worked more than forty hours per week during the Washington Class Period.  The Washington Class Representatives had the same duties and responsibilities as other Class members. The Washington Class Representatives and the Washington Class were subject to Defendants' policy and practice of improperly treating and classifying employees in these positions as "exempt" from wage and hour laws, failing to pay appropriate overtime compensation, and failing to provide meal and rest breaks.

39.     <u>Superiority</u>:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

40.     <u>Adequacy</u>:     The Washington Class Representatives will fairly and adequately protect the interests of the Washington Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

41.     <u>Commonality</u>: Common questions of law and fact exist to all members of the Washington Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

A.     Whether Defendants improperly labeled and treated the Washington Class Representatives and the members of the Washington Class as exempt from Washington wage and hour laws;

B.     Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Washington Class Representatives and the members of the Washington Class in violation Washington wage and hour laws;

C.     Whether Defendants violated Washington wage and hour laws by failing to provide the Washington Class Representatives and the Washington Class with appropriate meal and rest breaks;

D.     Whether Defendants failed to keep accurate time records for all hours worked by the Washington Class Representatives and the Washington 23 Class;

E.     Whether Defendants' actions were willful; and

F.     The proper measure of damages sustained by the Washington Class Representatives and the Washington Class.

42.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Washington Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

43.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Class predominate over any questions only affecting individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the members of the Washington Class the overtime pay to which they are entitled.  The damages suffered by the individual Washington Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

44.     Plaintiffs intend to send notice to all members of the Washington Class to the extent required by Rule 23.  The names and addresses of the members of the Washington Class are available from Defendants.

## COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### (On Behalf of Plaintiffs and the Collective Class)

45.     Plaintiffs and the Collective Class allege and incorporate by reference the allegations in the preceding paragraphs.

46.     At all relevant times, Defendants were "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants employed employees, including Plaintiffs and each member of the Collective Class.

47.     Plaintiffs, and other similarly situated individuals consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  Their consent forms are filed herewith as Exhibit A.  As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

CLASS AND COLLECTIVE ACTION COMPLAINT - 10

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

48.     The FLSA requires covered employers such as Defendants to compensate all non-exempt employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.  Plaintiffs and the Collective Class are entitled to be paid overtime compensation for all hours worked.

49.     Defendants, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the Collective Class for all their hours worked.

50.     By failing to compensate Plaintiffs and the Collective Class overtime compensation, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

51.     By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq*.

52.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

53.     Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

54.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II

### VIOLATIONS OF THE WASHINGTON FAIR LABOR STANDARDS ACT

### (On Behalf of the Washington Class Representatives and the Washington Class)

55.     The Washington Class Representatives and the Washington Class allege and incorporate by reference the allegations in the preceding paragraphs.

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

56.    RCW 49.46.130 requires employers to pay employees one and one-half times the regular rate at which they are/were employed for all hours worked over forty (40) per work week.

57.    RCW 49.46.090 makes employers who violate RCW 49.46.130 liable to the affected employees in the amount of unpaid wages, costs, attorneys fees, and other appropriate relief under the law.

58.    Defendants' actions, policies, and/or practices as described above violate RCW 49.46.130 by regularly and repeatedly failing to compensate Plaintiff and the Washington Class at the required overtime rate.

59.    As the direct and proximate result of Defendants' unlawful conduct, the Washington Class Representatives and the Washington Class have suffered and will continue to suffer a loss of income and other damages.  The Washington Class Representatives and the Washington Class are entitled to damages, including interest thereon, as well as attorney's fees and costs, incurred in connection with this claim.

<u>**COUNT III**</u>

**VIOLATIONS OF RCW 49.12.020 AND WAC 296-126-092**

**(On behalf of the Washington Class Representatives and the Washington Class)**

60.    The Washington Class Representatives and the Washington Class allege and incorporate by reference the allegations in the preceding paragraphs.

61.    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

62.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

63.     Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

64.     WAC 296-126-092 provides that employees shall be allowed certain paid rest and meal periods during their shifts.

65.     By the actions alleged above, including the failure to provide mortgage underwriters with proper rest and meal periods, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.

66.     As a result of the unlawful acts of Defendants, the Washington Class Representatives and the Washington Class have been deprived of compensation in amounts to be determined at trial, and the Washington Class Representatives and the Washington Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

## VII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the Collective Class, and the Washington Class demand:

A.     Designation of this action as a collective action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.     Designation of the Washington Class Representatives as representatives of the Washington Class, and counsel of record as Class Counsel;

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1        D.      Judgment against Defendants for an amount equal to Plaintiffs', the Collective

2  Class', and the Washington Class' unpaid back wages at the applicable rates;

3        E.      An additional and equal amount as liquidated/statutory damages under state and

4  federal law;

5        F.      Judgment that Defendants' actions described herein are, and were, willful and in

6  bad faith;

7        G.     Leave to add additional plaintiffs by motion, the filing of written consent forms,

8  or any other method approved by the Court;

9        H.      All costs incurred in prosecuting these claims;

10       I.       Reasonable attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and/or

11  other applicable laws;

12       J.       Pre-judgment and post-judgment interest as provided by law; and

13       K.      Such other legal equitable relief as this Court deems necessary, just, and proper.

## VII.  DEMAND FOR JURY TRIAL

Plaintiffs demand a jury for all issues so triable.

DATED this 9th day of July, 2010.

TERRELL MARSHALL & DAUDT PLLC


By: /s/ Beth E. Terrell, WSBA # 26759
     Beth E. Terrell, WSBA # 26759
     Email:  bterrell@tmdlegal.com
     3600 Fremont Avenue North
     Seattle, Washington 98103
     Telephone:  206.816.6603
     Facsimile:   206.350.3528

CLASS AND COLLECTIVE ACTION COMPLAINT - 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Paul J. Lukas
Email:  lukas@nka.com
Matthew C. Helland
Email:  helland@nka.com
Robert L. Schug
Email:  rschug@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, California  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

*Attorneys for Plaintiff and Putative Class
Members*

CLASS AND COLLECTIVE ACTION COMPLAINT - 15

# Exhibit A

## GMAC
## PLAINTIFF CONSENT FORM

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover overtime pay and/or minimum wages owed to me by my current/former employer, GMAC (and any subsidiaries or related companies). During the past three years, there were occasions when I worked over 40 hours per week as an underwriter, and did not receive proper compensation for all of my hours worked, including overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against GMAC for overtime pay. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _6/28/10_

_____
Signature

_____
Print Name   Allan Adams

# REDACTED

Return this form to:   Nichols Kaster, PLLP, Attn: Matthew C. Helland
Fax: (612) 215-6870
Email: helland@nka.com
Address: 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402
Web: www.overtimecases.com and www.nka.com

## GMAC
## PLAINTIFF CONSENT FORM

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover overtime pay and/or minimum wages owed to me by my current/former employer, GMAC (and any subsidiaries or related companies). During the past three years, there were occasions when I worked over 40 hours per week as an underwriter, and did not receive proper compensation for all of my hours worked, including overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against GMAC for overtime pay. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _6/28/10_   _Deborah L. Bollinger_
Signature

_Deborah L. Bollinger_
Print Name

# REDACTED

Return this form to:   Nichols Kaster, PLLP, Attn: Matthew C. Helland
Fax: (612) 215-6870
Email: helland@nka.com
Address: 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402
Web: www.overtimecases.com and www.nka.com

## GMAC
## PLAINTIFF CONSENT FORM

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover overtime pay and/or minimum wages owed to me by my current/former employer, GMAC (and any subsidiaries or related companies). During the past three years, there were occasions when I worked over 40 hours per week as an underwriter, and did not receive proper compensation for all of my hours worked, including overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against GMAC for overtime pay. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 6-28-10

Signature

Bryan Bubnick
Print Name

# REDACTED

Return this form to:   Nichols Kaster, PLLP, Attn: Matthew C. Helland
Fax: (612) 215-6870
Email: helland@nka.com
Address: 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402
Web: www.overtimecases.com and www.nka.com

## GMAC
## PLAINTIFF CONSENT FORM

     I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover overtime pay and/or minimum wages owed to me by my current/former employer, GMAC (and any subsidiaries or related companies). During the past three years, there were occasions when I worked over 40 hours per week as an underwriter, and did not receive proper compensation for all of my hours worked, including overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against GMAC for overtime pay. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 7/7/2010

Debbie Mc Cutchen
Signature

Debbie McCutchen
Print Name

# REDACTED

Return this form to:    Nichols Kaster, PLLP, Attn: Matthew C. Helland
                          Fax: (612) 215-6870
                          Email: helland@nka.com
                          Address: 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402
                          Web: www.overtimecases.com and www.nka.com



p. 1

## GMAC
## PLAINTIFF CONSENT FORM

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover overtime pay and/or minimum wages owed to me by my current/former employer, GMAC (and any subsidiaries or related companies). During the past three years, there were occasions when I worked over 40 hours per week as an underwriter, and did not receive proper compensation for all of my hours worked, including overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against GMAC for overtime pay. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 6/28/10

Signature

Print Name

## REDACTED

Return this form to: Nichols Kaster, PLLP, Attn: Matthew C. Helland
Fax: (612) 215-6870
Email: helland@nka.com
Address: 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402
Web: www.overtimecases.com and www.nka.com

## GMAC
## PLAINTIFF CONSENT FORM

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover overtime pay and/or minimum wages owed to me by my current/former employer, GMAC (and any subsidiaries or related companies). During the past three years, there were occasions when I worked over 40 hours per week as an underwriter, and did not receive proper compensation for all of my hours worked, including overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against GMAC for overtime pay. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 6/28/10

Signature

Steven L. Sckott
Print Name

REDACTED

Return this form to:   Nichols Kaster, PLLP, Attn: Matthew C. Helland
Fax: (612) 215-6870
Email: helland@nka.com
Address: 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402
Web: www.overtimecases.com and www.nka.com