THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH BOLLINGER and BRYAN BUBNICK, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>RESIDENTIAL CAPITAL, LLC and ALLY FINANCIAL, INC.,<br><br>     Defendants. | CASE NO.  C10-1123 (RSM)<br><br>PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE<br><br>NOTE ON MOTIONS CALENDAR: Friday, November 26, 2010<br><br>ORAL HEARING REQUESTED |

## INTRODUCTION

This is the type of case that should be conditionally certified under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Plaintiffs allege that Defendants uniformly misclassified them and other mortgage underwriters as "exempt" from the overtime protections of the FLSA.  Since the Complaint was filed in July 2010, a total of twenty-seven mortgage underwriters have filed written consent forms to join the case.  In support of this motion, Plaintiffs have submitted declarations from eight individuals who worked for Defendants during the relevant statutory period.  Regardless of which one of Defendants' business names they worked under, or which office they worked out of, each of Defendants' mortgage underwriters performed the same primary job duties, were compensated in the same manner,

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 1
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California  94111
TEL. 415.277.7235 • FAX 415.277.7238

and were subject to the same production-based performance expectations. Perhaps most importantly, despite the fact that they routinely worked over forty hours per week, Defendants' underwriters were uniformly classified as "exempt," denying them proper overtime compensation.

Plaintiffs have easily met their burden of showing that they and the rest of Defendants' underwriters were subject to a common, illegal policy denying them proper overtime compensation. Accordingly, Plaintiffs respectfully request that the within ten business days of the Court's order, Defendants be required to provide Plaintiffs' counsel with a list of <u>all mortgage underwriters who are, or were, employed by Defendants at any time from three years prior to the date of issuance of notice and continuing to the present.</u> This list should include each class member's (1) name, (2) job title, (3) last known address and telephone number, (4) last known personal email address, (5) dates of employment, (6) locations of employment, (7) employee number, and (8) social security number (last four digits only). Plaintiffs further request permission to send notice of this action to these individuals using the notice and consent form attached hereto as Exhibit A.

## FACTUAL BACKGROUND

### A.  The Parties

Plaintiffs Deborah Bollinger and Bryan Bubnick (collectively, "Plaintiffs") worked as mortgage underwriters for Ally Financial, Inc. and Residential Capital, LLC (collectively, "Defendants") in Bellevue, Washington in a facility operating under the name "Homecomings Financial." (Dkt. 1 (Compl.) ¶¶ 5, 6.) Ms. Bollinger was employed by Defendants from approximately May 2000 through July 2008. (*Id.* ¶ 5.) Mr. Bubnick was employed from approximately November 2005 through October 2008. (*Id.* ¶ 6.)

Defendants are in the business of selling mortgages. (Ex. B (Form 10-K) at 3-4.) Defendant Ally Financial has previously been known as "GMAC, LLC" or "GMAC, Inc." (Ex. C (Company History).) The company changed its name in May 2010 as part of a rebranding

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 2
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California  94111
TEL. 415.277.7235 • FAX 415.277.7238

effort. (*Id.*) Ally Financial's domestic mortgage business includes the operations of Defendant Residential Capital. (Ex. B at 3-4, 54-55.) In late 2008, Defendants "closed all of [their] retail branches as part of a restructuring initiative to streamline . . . operations." (*Id.* at 54.) This included closing offices operating under the name Homecomings Financial. Today, Defendants' direct lending network consists of Internet and telephone-based call center operations, including the "Ditech" brand. (*Id.*) Defendants also purchase loans on the secondary market. (*Id.*)

On July 9, 2010, Plaintiffs brought this action against Defendants as a class action pursuant to Fed. R. Civ. P. 23, and collective action under the FLSA, 29 U.S.C. § 216(b). (Dkt. 1 ¶¶ 1-4, 33-44.) Plaintiffs bring claims for unpaid overtime compensation under the FLSA, and for unpaid overtime and failure to provide meal and rest periods under Washington state law. (*Id.* ¶¶ 45-66.) Since the Complaint was filed, twenty-seven mortgage underwriters have filed consent forms to join the FLSA component of the case pursuant to 29 U.S.C. § 216(b). (Dkt. 1, 9, 10, 11, 12, 23, 26, 27, 29, 31, 32, 33, 34, 35, 45, 47.) Eight Plaintiffs have submitted declarations in support of this motion.

**B.   Plaintiffs and the Members of the Proposed Collective Class Performed the Same Primary Job Duties, Were Compensated in the Same Manner, and Were Uniformly Classified as Exempt from Overtime Pay**

Regardless of which of Defendants' business names they worked under, or which office they worked out of, Defendants' mortgage underwriters performed the same primary job duties. Specifically, underwriters had the primary job duty of ensuring that the loans that were approved by Defendants were approved pursuant to various policies, procedures, and guidelines. (Bollinger Decl. ¶ 3; Bubnick Decl. ¶ 3; Coleman Decl. ¶ 3; Mockbee Decl. ¶ 3; Pho Decl. ¶ 3; Pruitt Decl. ¶ 3; Schatz Decl. ¶ 3; Wallace Decl. ¶ 3.) Notably, they were not responsible for determining the types of loan products that would be offered, and had no role in creating or altering Defendants' underwriting polices and guidelines. (Bollinger Decl. ¶ 3;

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 3
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111
TEL. 415.277.7235 • FAX 415.277.7238

Bubnick Decl. ¶ 3; Coleman Decl. ¶ 3; Mockbee Decl. ¶ 3; Pho Decl. ¶ 3; Pruitt Decl. ¶ 3; Schatz Decl. ¶ 3; Wallace Decl. ¶ 3.)

Likewise, regardless of the business name or the location of their office, Defendants' underwriters were also compensated in the same manner and were subject to similar production-driven performance standards. Declarations submitted by Plaintiffs and other underwriters confirm that Defendants' underwriters were paid by salary. (Bollinger Decl. ¶ 4; Bubnick Decl. ¶ 4; Coleman Decl. ¶ 4; Mockbee Decl. ¶ 4; Pho Decl. ¶ 4; Pruitt Decl. ¶ 4; Schatz Decl. ¶ 4; Wallace Decl. ¶ 4.) Mortgage underwriters were also offered a potential bonus if they completed a certain number of loans, and were penalized for failing to meet required production numbers. (Bollinger Decl. ¶ 4; Bubnick Decl. ¶ 4; Coleman Decl. ¶ 4; Mockbee Decl. ¶ 4; Pho Decl. ¶ 4; Pruitt Decl. ¶ 4; Schatz Decl. ¶ 4; Wallace Decl. ¶ 4.)

Defendants' mortgage underwriters also uniformly worked unpaid overtime hours. Underwriters who have submitted declarations have all worked over forty hours per week without receiving overtime pay because they were uniformly misclassified as "exempt." (Bollinger Decl. ¶ 5; Bubnick Decl. ¶ 5; Coleman Decl. ¶ 5; Mockbee Decl. ¶ 5; Pho Decl. ¶ 5; Pruitt Decl. ¶ 5; Schatz Decl. ¶ 5; Wallace Decl. ¶ 5.)

**C.   Defendants' Classwide FLSA Defenses**

Defendants filed a motion to dismiss Plaintiffs' Complaint on August 17, 2010. (Dkt. 30.) Defendants' motion was based on the (unsupported) allegation that that Defendants' relied in "good faith," pursuant to 29 U.S.C. § 259, on a Department of Labor opinion letter and the FLSA regulations in uniformly classifying all of their mortgage underwriters as exempt under the FLSA's "administrative exemption." (*Id.*) Defendants' purported ability to assert a classwide "good faith" defense and a classwide administrative exemption defense is further confirmation that their mortgage underwriters have similar job duties and were all uniformly classified as "exempt" from the FLSA's overtime provisions.

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 4
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111
TEL. 415.277.7235 • FAX 415.277.7238

# LEGAL ARGUMENT

## I. THE STANDARD FOR CONDITIONAL CERTIFICATION

Under the FLSA, an action for unpaid overtime wages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*." 29 U.S.C. § 216(b) (emphasis added). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

As the Supreme Court has explained, the FLSA's collective action mechanism serves the dual purpose of lowering litigation costs for individual plaintiffs, and decreasing the burden on the courts through "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "These benefits . . . depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* Thus, the district court "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71.

Courts conditionally certify FLSA cases when plaintiffs demonstrate the existence of a group of "similarly situated" employees. *See* 29 U.S.C. § 216(b). District courts in Washington, like most others, have adopted a two-step approach to certification of FLSA collective actions. *Khadera v. ABM Indus. Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010); *Morden v. T-Mobile USA, Inc.*, 2006 WL 2620320, at *2 (W.D. Wash. Sept. 12, 2006) (explaining *ad hoc* two-tiered approached to FLSA certification); *see also Godfrey v. Chelan County PUD*, 2007 WL 2327582, at *2 (E.D. Wash. Aug. 10, 2007) (same).

At the first stage—the "notice" stage—the court determines whether a collective action should be conditionally certified for the purpose of sending notice to potential class members and conducting discovery. *Khadera*, 701 F. Supp. 2d at 1194; *Morden*, 2006 WL 2620320, at

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 5
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111
TEL. 415.277.7235 • FAX 415.277.7238

*2.  "The standard for certification at this stage is a lenient one that typically results in certification."  *Morden*, 2006 WL 2620320, at *2 (citing *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002)).  "[C]onditional certification at this notice stage . . . requires little more than substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'" *Morden*, 2006 WL 2620320, at *2 (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)); *accord Khadera*, 701 F. Supp. 2d at 1194; *Stanfield v. First NLC Fin. Servs., LLC*, 2006 WL 3190527, at *2 (N.D. Cal. Nov. 1, 2006).

Courts usually rely on the pleadings and any affidavits submitted by the plaintiffs in granting conditional certification.  *Khadera*, 701 F. Supp. 2d at 1194; *Morden*, 2006 WL 2620320, at *2.  The court does not delve into the merits of the claims, resolve factual disputes, make credibility determinations, or decide substantive issues at this stage.  *Loomis v. CUSA LLC*, 257 F.R.D. 674, 676 (D. Minn. 2009); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 159 (N.D.N.Y. 2008).  Indeed, this Court has stated that affidavits submitted by a defendant in opposition to conditional certification can be discounted "because of the risk of bias and coercion inherent in that testimony."  *Morden*, 2006 WL 2620320, at *2 (citing *Jenson v. Eveleth Taconite Co.*, 139 F.R.D. 657, 664 (D. Minn. 1991); *see also Khadera*, 701 F. Supp. 2d at 1195 ("These declarations, however, appear to go to merits of Plaintiffs' claims and not to the appropriateness of notice.").  Likewise, arguments concerning allegations of individual differences between the plaintiffs, or specific factual determinations the district court may need to make are not persuasive at first-stage conditional certification, and can be more appropriately raised at the second stage.  *Morden*, 2006 WL 2620320, at *3; *see also Witteman v. Wis. Bell, Inc.*, 2010 WL 446033, at *2 (W.D. Wis. Feb. 2, 2010) (rejecting arguments about alleged differences at conditional certification); *Ruggles*, 591 F. Supp. 2d at 161-62 ("All of WellPoint's challenges to the merit of the claims and whether the putative class members are similarly situated are premature and best reserved for the second stage of the class analysis.").

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 6
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California  94111
TEL. 415.277.7235 • FAX 415.277.7238

The second stage comes after discovery is largely complete, typically on a motion for decertification by the defendant. "During this second stage analysis, the court reviews several factors, including the specific employment conditions and duties of the individual plaintiffs, any defenses asserted by or available to the defendant which appear to be individual to each plaintiff, fairness and procedural considerations, and whether the plaintiffs made any required filings before instituting suit." *Morden*, 2006 WL 2620320, at *3; *accord Khadera*, 701 F. Supp. 2d at 1194 ("Second, once discovery is complete, the Court must make a factual determination based on a multi factor test."). The court can then decide whether the plaintiffs are "similarly situated" in order to proceed to trial, or whether the case should be fully or partially decertified. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 586 (6th Cir. 2009) (discussing the benefits of partial decertification); *Witteman*, 2010 WL 446033, at *2 (suggesting subclasses as one method of addressing potential dissimilarities among class members).

## II. THIS CASE SHOULD BE CONDITIONALLY CERTIFIED

This case is in its very early stages. The Complaint was filed on July 9, 2010. The Court has yet to rule on Defendants' motion to dismiss, and the parties have only recently started the process of exchanging formal discovery. (Schug Decl. ¶ 3.) Under the lenient standards adopted by this Court and others, this case should be conditionally certified as a collective action under the Fair Labor Standards Act.

First, there is no question that Defendants uniformly classified all mortgage underwriters as "exempt" from overtime compensation. Indeed, Defendants expressly admitted as much in their unfounded motion to dismiss. (Dkt. 30.) There, Defendants argued (without offering any proof) that they relied on a DOL opinion letter and the FLSA regulations in uniformly classifying all underwriters as exempt, and therefore should be entitled to a "good faith" defense under 29 U.S.C. § 259. Although Plaintiffs obviously dispute whether Defendants should prevail on this defense, Defendants' common classification of underwriters

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 7
CASE NO. 2:10-CV-01123 RSM

**NICHOLS KASTER LLP**
One Embarcadero Center, Suite 720
San Francisco, California  94111
TEL. 415.277.7235 • FAX 415.277.7238

as exempt from overtime supports conditional certification. *E.g.*, *Morden v. T-Mobile USA, Inc.*, 2006 WL 2620320, at *3 (W.D. Wash. Sept. 12, 2006); *see also Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007).

      Second, conditional certification is also warranted in light of the uniform job duties of mortgage underwriters. As the declarations submitted by Plaintiffs confirm, regardless of which of Defendants' business names they worked under, Defendants' mortgage underwriters had the primary job duty of ensuring that the loans approved by Defendants were approved pursuant to various policies, procedures, and guidelines. They were not responsible for determining the types of loan products that would be offered, and had no role in creating or modifying Defendants' underwriting polices and guidelines.

      Third, mortgage underwriters were also compensated in the same manner and were subject to similar production-driven performance standards.[1] Declarations submitted confirm that Defendants' underwriters were paid by salary. Underwriters were also offered a potential bonus if they completed a certain number of loans, and were penalized for failing to hit certain thresholds.

      Finally, Defendants' mortgage underwriters uniformly worked unpaid overtime hours as a result of Defendants' decision to classify them as exempt. Each underwriter who has submitted a declaration regularly worked over forty hours per week without proper overtime compensation while employed by Defendants.

      Given Defendants' uniform misclassification of underwriters as exempt from overtime compensation, as well as their common job duties, pay, and production-driven performance standards, there is no question that this case should be conditionally certified. Numerous courts around the country, including this Court, have conditionally certified cases like this one where employees were uniformly classified as exempt. *See, e.g.*, *Witteman v. Wis. Bell, Inc.*, 2010

---

[1] Mortgage underwriters are nonexempt and entitled to overtime under the FLSA where their primary duty is production work. *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529 (2d Cir. 2009).

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 8
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111
TEL. 415.277.7235 • FAX 415.277.7238

WL 446033, at *1-3 (W.D. Wis. Feb. 2, 2010) (granting conditional certification of a class of plant engineers in light of common primary job duties and common exemption classification); *Wlotkowski v. Mich. Bell Tele. Co.*, 267 F.R.D. 213, 217-19 (E.D. Mich. 2010) (certification of engineers with similar job duties and common misclassification); *Gilbert v. Citigroup, Inc.*, 2009 WL 424320, at *2-4 (N.D. Cal. Feb. 18, 2009) (class of banking officers conditionally certified where Plaintiffs showed similar job duties, compensation plan, and classification); *Ahle v. Veracity Research Co.*, 2009 WL 3103852, at *4-5 (D. Minn. Sept. 23, 2009) (certifying investigators with similar job duties and uniform exemption classification); *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848-49 (N.D. Ill. 2008) (class of pharmaceutical reps certified in view of similar job responsibility and common classification); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 157-62 (N.D.N.Y. 2008) (conditionally certifying case management, medical management, and utilization review nurses with common primary job duties and uniform denial of overtime); *Morden v. T-Mobile USA, Inc.*, 2006 WL 2620320, at *3 (W.D. Wash. Sept. 12, 2006) (granting certification in light of similar job description, exemption classification, and job duties); *Stanfield v. First NLC Fin. Servs.*, LLC, 2006 WL 3190527, at *3-4 (N.D. Cal. Nov. 1, 2006) (loan officers similarly situated because all were classified as exempt and all shared common job duties).

### III.   THE COURT SHOULD AUTHORIZE JUDICIAL NOTICE

#### A.   Judicial Notice is Warranted

As already explained, the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Accordingly, district courts are encouraged to become involved in the notice process early, to ensure "timely, accurate, and informative" notice and to help maintain control of the litigation. *Id.* at 171-72. Court authorization of

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 9
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111
TEL. 415.277.7235 • FAX 415.277.7238

1 notice also serves the "legitimate goal of avoiding a multiplicity of duplicative suits." *Id.* at 172. This case is an appropriate case to send court-approved notice.

Prompt court action is needed because the claims of the potential opt-in plaintiffs are being extinguished or diminished due to the running of the statute of limitations on their claims. Unlike Rule 23 class actions, the statute of limitations for those who have not filed consent forms is not tolled with the commencement of this action. *See Redman v. U.S. West Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998). It continues to run on each individual's claim until he or she files a consent form. The consequence of this fundamental difference is self-evident—every day that passes is a day of damages each potential opt-in plaintiff will be unable to recover. Court-facilitated notice will prevent the continued erosion of these claims. *See*, *e.g.*, *Kalish v. High Tech. Inst.*, 2005 WL 1073645, at *3 & n.1 (D. Minn. Apr. 22, 2005) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)).

### B. Plaintiffs' Proposed Notice Is Accurate and Informative

Judicially authorized notice of a collective action under § 216(b) must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. Plaintiffs' proposed judicial notice will provide employees with an accurate description of this lawsuit, as well as their rights under the Fair Labor Standards Act. (*See* Ex. A (notice and consent form).) As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action and should be adopted.

Plaintiffs request that the Court authorize notice in the form of: (1) mailing of the notice, by Plaintiffs' counsel, to all members of the putative collective class; (2) emailing of the notice, by Plaintiffs' counsel, to all members of the putative collective class to their last known personal email address; and (3) posting of the notice, by Defendants, in a conspicuous location in all break/lunch rooms at their office locations.

Issuance of notice through these methods will ensure that all potential class members are reached as soon as possible. *See Garcia v. Salamanca Group*, 2008 WL 818532, at *5

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 10
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111
TEL. 415.277.7235 • FAX 415.277.7238

(N.D. Ill. Mar. 24, 2008) (authorizing notice to be sent by mail and posted at defendant's restaurants); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006) (finding that first class mail combined with posting provided for the "best notice practicable" to the potential class); *Veliz v. Cintas, Corp.*, 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) (requiring employer to post notice and consent forms in all of its work sites). Plaintiffs request that the notice period be set for 90 days, and further request that the Court authorize Plaintiffs to send a reminder notice to putative class members 45 days after the issuance of notice.

### IV. THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE THE NAMES AND CONTACT INFORMATION FOR ALL MORTGAGE UNDERWRITERS

The Court should also order Defendants to provide Plaintiffs a list of all putative collective members and their contact information. The identification of these individuals is critical for Plaintiffs to provide those individuals with notice of the action as contemplated by the FLSA. *See Hoffmann-La Roche*, 493 U.S. at 170 (affirming that the district court correctly permitted discovery of the names and addresses of the putative class). This is precisely the reason why the production of a list of potential class members is routinely disclosed in FLSA collective actions. *Id.* at 165.

Accordingly, Plaintiffs respectfully requests that the within ten business days of the Court's order, Defendants be required to provide Plaintiffs' counsel with a list of <u>all mortgage underwriters who are, or were, employed by Defendants at any time from three years prior to the date of issuance of notice and continuing to the present.</u> This list should include each class member's (1) name, (2) job title, (3) last known address and telephone number, (4) last known personal email address, (5) dates of employment, (6) location of employment, (7) employee number, and (8) social security number (last four digits only).

### **CONCLUSION**

With the case still in its early stages, Plaintiffs have easily met their burden of providing a colorable basis to support their claim that they and other mortgage underwriters are similarly situated, and that conditional certification and judicial notice are warranted. For all of

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 11
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111
TEL. 415.277.7235 • FAX 415.277.7238

1  the reasons set forth herein, Plaintiffs' motion should be granted.  In the event that the Court
2  declines to grant Plaintiffs' motion, Plaintiffs respectfully request that the Court stay the
3  dismissal of the opt-in Plaintiffs for 45 days to allow them to re-file their overtime claims
4  individually if they choose to do so.
5       DATED this 5th day of November, 2010.

NICHOLS KASTER, LLP

By: /s/ Robert L. Schug, *Admitted Pro Hac Vice*
Paul J. Lukas, *Admitted Pro Hac Vice*
Email:  lukas@nka.com
Matthew C. Helland, *Admitted Pro Hac Vice*
Email:  helland@nka.com
Robert L. Schug, *Admitted Pro Hac Vice*
Email:  rschug@nka.com
One Embarcadero Center, Suite 720
San Francisco, California  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Beth E. Terrell, WSBA # 26759
Email:  bterrell@tmdlegal.com
TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
Telephone:  206.816.6603
Facsimile:  206.350.3528

*Attorneys for Plaintiff and Putative Class Members*

PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION & JUDICIAL NOTICE - 12
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California  94111
TEL. 415.277.7235 • FAX 415.277.7238

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

**CERTIFICATE OF SERVICE**
Bollinger v. Residential Capital, LLC.
Court File No. 2:10-cv-01123-RSM

I hereby certify that on November 5, 2010, I caused the above Plaintiffs' Motion for Conditional Class Certification and Judicial Notice to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | | |
|---|---|---|
| Beth E. Terrell | bterrell@tmdlega.com<br>enordby@tmdlegal.com | bkinsey@tmdlegal.com<br>filing@tmdlegal.com |
| Paul J. Lukas | lukas@nka.com | |
| Robert L. Schug | rschug@nka.com | |
| Matthew C. Helland | helland@nka.com | assistants@nka.com |
| David R Golder | golderd@jacksonlewis.com<br>votert@jacksonlewis.com | curleyc@jacksonlewis.com |
| Paul DeCamp | decampp@jacksonlewis.com | |
| Peter H Nohle | nohlep@jacksonlewis.com<br>daviesj@jacksonlewis.com | baker-browns@jacksonlewis.com,<br>prestona@jacksonlewis.com |
| William J Anthony | anthonyw@jacksonlewis.com | |

DATED this 5th day of November, 2010.

                                                                         NICHOLS KASTER LLP

                                          By: s/Robert L. Schug
                                                Robert L. Schug, CABA #249640
                                                Email: rschug@nka.com
                                                One Embarcadero Center, Suite 720
                                                San Francisco, CA 94111
                                                P: 415.277.7235
                                                F: 415.277.7238

CERTIFICATE OF SERVICE - 1
CASE NO. 2:10-CV-01123 RSM

NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111
TEL. 415.277.7235 • FAX 415.277.7238