# EXHIBIT K
# TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT



**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

FLSA2006-31

This letter has been withdrawn. See Administrtor Interpretation 2010-1.
September 8, 2006

Dear **Name\***:

This is in response to your request for an opinion concerning the application of the administrative exemption under section 13(a)(1) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 213(a)(1) (copy enclosed), and the implementing regulations at 29 C.F.R. Part 541 (copy enclosed), to certain employees employed as mortgage loan officers. Based on the analysis below, it is our opinion that the mortgage loan officers you describe are exempt administrative employees.

You state that, in the industry, other job titles for referring to mortgage loan officers include "mortgage loan representatives," "mortgage loan consultants," "mortgage loan originators," "mortgage bankers," and similar titles. Our response collectively refers to all such employees as "mortgage loan officers." Please note, however, that an employee's exempt status is not determined based on job title or job classification; rather, it is determined by analyzing each particular employee's actual job duties and compensation under the applicable regulations. "The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2.

You indicate that mortgage loan officers work under various business models and their duties vary accordingly. The particular mortgage loan officers in your request spend the majority of their working time inside their employer's place of business (or inside the employees' offices located in their homes), although some also may meet with customers or referral sources such as realtors or builders away from the office. Your request specifically does not address mortgage loan officers who are customarily and regularly engaged away from their employer's place(s) of business (or away from their home offices) who may be considered for possible exemption under the outside sales exemption defined at 29 C.F.R. § 541.500.[1] In addition, employees who spend the majority of their time inside the office prospecting for potential customers who have not previously expressed an interest in obtaining information about a mortgage loan (*e.g.*, employees in a call center environment primarily selling financial products as "outbound telemarketers") are outside the scope of your request. Further, "loan processors," who coordinate appraisals and title work and review the customers' supporting financial documents (*e.g.*, pay stubs, W-2s, bank statements, and tax returns for self-employed individuals) to determine whether they meet the documentation requirements associated with the mortgage loan, are also specifically outside the scope of your request.

You describe the primary duties of the mortgage loan officers as follows. Mortgage loan officers work with the employer's customers to assist them in identifying and securing a

---

[1] See *Opinion Letter FLSA2006-11* (March 31, 2006) (mortgage loan officers who customarily and regularly engage in making sales away from their employer's place of business qualify for the outside sales exemption because "[t]heir principal duty is the sale of mortgage loan packages").

mortgage loan that is appropriate for their individual financial circumstances and is designed to help them achieve their financial goals, including home ownership. Mortgage loan officers respond to and follow up on customer inquiries (sometimes referred to as "leads") that come from several sources. The loan officer will collect and analyze the customer's financial information and assess the customer's financial circumstances to determine whether the customer and the property qualify for a particular loan. This involves inquiries into the customer's income, assets, investments, debt, credit history, prior bankruptcies, judgments, and liens, as well as characteristics of the property and similar information. The loan officer will also advise the customer about the risks and benefits of the loan alternatives, including the options and variables involved. Many mortgage banking companies offer multiple mortgage products, resulting in hundreds of loans to choose from, requiring specific analysis, evaluation, and advice from the loan officers. Loan officers must also stay up-to-date on changes in market conditions.

Additionally, some loan officers use technological tools to help them serve their customer's needs. For example, loan officers may use computer software to assist in the underwriting process by helping evaluate whether the customer qualifies for the loan. These products assist the loan officer in communicating a loan prequalification, loan pre-approval, or qualified loan approval. You emphasize, however, that these tools do not substitute for the discretion and judgment required of the loan officer; and the loan officer is responsible for recommending the best products for the customer.

You describe the sales component of the mortgage loan officer's duties, *i.e.*, when he or she spends time selling mortgage loan products to customers, as "customer-specific persuasive sales activity, such as encouraging an individual potential customer to do business with his or her employer's mortgage banking company rather than a competitor, or to consider the possibility of a mortgage loan if they have not expressed prior interest." You contrast this sales activity with "marketing, servicing or promoting the employer's financial products," which you describe as the marketing of the employer's mortgage banking company or products generally, as well as the promotion of brand awareness and the creation of demand among realtors, builders, developers, and other entities. You state that both the customer-specific persuasive sales activity and the more general marketing or promoting activities may take place during the same discussion with the customer. You ask that we assume for purposes of responding to your request that less than 50 percent of the mortgage loan officer's working time over a representative period is spent on customer-specific persuasive sales activity.

You acknowledge in your request that the administrative exemption requires payment on a salary or fee basis at a rate of not less than $455 per week. While you do not specify the particular compensation arrangements for the mortgage loan officers in question, you ask that we assume in responding to your request that they are paid on a salary basis at a rate of at least $455 per week.

You seek an opinion on three questions: (1) whether the principles for determining whether employees in the financial services industry are administratively exempt under the new regulations also apply under the prior regulations; (2) whether the mortgage loan officers described above meet the administrative duties test set forth for employees in the financial

services industry as an example of the administrative exemption in 29 C.F.R. § 541.203(b); and (3) whether employees in the financial services industry who meet the duties requirements as described in section 541.203(b) exercise sufficient discretion and independent judgment even though they may use certain underwriting software programs or tools.

In response to your first question, FLSA section 13(a)(1) provides an exemption from the minimum wage and overtime provisions for "any employee employed in a bona fide executive, administrative, or professional capacity," as those terms are defined in 29 C.F.R. Part 541. An employee may qualify for exemption if all the regulatory tests relating to duties and salary are met. The regulations were revised effective August 23, 2004 (69 Fed. Reg. 22,122 (Apr. 23, 2004)). Because the criteria in the duties test for the administrative exemption in the 2004 revised final regulations are substantially the same as under the prior rule, the outcome of this opinion would be essentially identical under either version of the regulations. *See Robinson-Smith v. Gov't Employees Ins. Co.*, 323 F. Supp. 2d 12 (D.D.C. 2004); *McLaughlin v. Nationwide Mut. Ins. Co.*, No. Civ. 02-6205-TC, 2004 WL 1857112 (D. Or. 2004).

Regarding your second question, under 29 C.F.R. § 541.200(a), "[t]he term 'employee employed in a bona fide administrative capacity' in section 13(a)(1) of the Act" means "any employee":

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . , exclusive of board, lodging or other facilities;
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

*Id.*

Work that is "directly related to the management or general business operations" of the employer is defined as "work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a).

"The term 'primary duty' means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). "The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee," but time alone "is not the sole test." 29 C.F.R. § 541.700(b).

Section 541.203 includes specific examples of occupations that would generally meet the administrative duties test, including in paragraph (b) "[e]mployees in the financial services industry." Such employees are ordinarily considered to meet the duties requirements for the administrative exemption if their duties include:

work such as collecting and analyzing information regarding the customer's income, assets, investments or debts; determining which financial products best meet the customer's needs and financial circumstances; advising the customer regarding the advantages and disadvantages of different financial products; and marketing, servicing or promoting the employer's financial products. However, an employee whose primary duty is selling financial products does not qualify for the administrative exemption.

29 C.F.R. § 541.203(b).[2] The preamble to the 2004 regulations reviewed the pertinent case law drawn from the financial services industry and concluded:

> The Department agrees that employees whose primary duty is inside sales cannot qualify as exempt administrative employees. However, as found by the *John Alden*, *Hogan* and *Wilshin* courts, many financial services employees qualify as exempt administrative employees, even if they are involved in some selling to consumers. Servicing existing customers, promoting the employer's financial products, and advising customers on the appropriate financial product to fit their financial needs are duties directly related to the management or general business operations of their employer or their employer's customers, and which require the exercise of discretion and independent judgment.

69 Fed. Reg. at 22,146 (copy enclosed). *See Reich v. John Alden Life Ins. Co.*, 126 F.3d 1 (1st Cir. 1997); *Hogan v. Allstate Ins. Co.*, 361 F.3d 621 (11th Cir. 2004); *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360 (M.D. Ga. 2002).

You describe the duties of mortgage loan officers here as collecting and analyzing the customer's financial information and assessing the customer's financial circumstances to determine whether the customer and the property qualify for a particular loan. This involves inquiries into the customer's income, assets, investments, debt, credit history, prior bankruptcies, judgments, and liens, as well as characteristics of the property and similar information. The loan officer will also advise the customer about the risks and benefits of the loan alternatives, including the options and variables involved. The mortgage loan officer must analyze the information provided by the customer and advise on an array of options and variables, all of which make up the various components of the loan.

Your description of the duties of these mortgage loan officers suggests that they have a primary duty other than sales, as their work includes collecting and analyzing a customer's financial information, advising the customer about the risks and benefits of various mortgage loan alternatives in light of their individual financial circumstances, and advising the customer about

---

[2] The preamble also recognizes that some selling activity may occur without causing loss of the administrative exemption for employees in the financial services industry, as long as selling financial products is not the employee's primary duty. You ask in your request that we assume that less than 50 percent of the mortgage loan officer's working time over a representative period is spent on "customer-specific persuasive sales activity." As noted earlier, an employee's primary duty is defined in 29 C.F.R. § 541.700 as "the principal, main, major or most important duty the employee performs" based on all the facts in a particular case, with the major emphasis on "the character of the job as a whole," and the amount of time spent performing particular tasks is not the sole test.

avenues to obtain a more advantageous loan program. Based upon the foregoing, we conclude that these mortgage loan officers satisfy the duties requirement under 29 C.F.R. § 541.203(b).[3]

The mortgage loan officers also satisfy the traditional duties requirements of the administrative exemption by performing office or non-manual work directly related to the management or general business operations of the employer, and by performing duties that include the exercise of discretion and independent judgment with respect to matters of significance. *See* 29 C.F.R. § 541.200(a)(2)-(3). Similar to the employees discussed in the 2004 preamble in the *John Alden*, *Hogan*, and *Wilshin* cases—all of whom were found to satisfy the duties requirements of the administrative exemption—the employees here service their employer's financial services business by marketing, servicing, and promoting the employer's financial products. *See John Alden*, 126 F.3d at 8-14 (administrative exemption applied to insurance marketing representatives who represented the company to third party agents, promoted sales, and kept informed about the market to help match products with customer needs); *Hogan*, 361 F.3d at 626-28 (insurance agents administratively exempt who serviced and advised existing customers, adapted customer's policies to their needs, promoted sales, and hired and trained staff among other duties); *Wilshin*, 212 F. Supp. 2d at 1376-79 (administrative exemption applied to insurance agent who stayed knowledgeable about the market and needs of customers, recommended products to clients, provided claims help, promoted the company, and directed the day-to-day affairs of the office).

With regard to your third question, the use of software programs or tools to assess risk and to narrow the scope of products available to the customer does not necessarily disqualify the employees from the administrative exemption for lack of discretion and independent judgment. The regulations describe the requirement of discretion and independent judgment as follows:

> To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

29 C.F.R. § 541.202(a).

As provided in section 541.202(b):

> The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or

---

[3] Of course if, based on all the facts in a particular case, a mortgage loan officer's primary duty is selling mortgage loans, the mortgage loan officer will not qualify for the administrative exemption. 29 C.F.R. § 541.203(b).

> implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b).

Section 541.202(c) describes an employee's exercise of discretion and independent judgment as including the authority to make an independent choice that is free from immediate direction or supervision. However, "[t]he fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment." *Id.* Section 541.202(e) further clarifies that the "exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." The regulations note that "[a]n employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly." 29 C.F.R. § 541.202(f). Further, "[t]he use of manuals, guidelines or other established procedures containing or relating to highly technical, scientific, legal, financial or other similarly complex matters that can be understood or interpreted only by those with advanced or specialized knowledge or skills does not preclude exemption under section 13(a)(1) of the Act." 29 C.F.R. § 541.704. The use of "well-established techniques or procedures described in manuals or other sources within closely prescribed limits to determine the correct response to an inquiry or set of circumstances," however, does not meet the "exercise of discretion and independent judgment" requirement. *Id.*

In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. 29 C.F.R. § 541.202(a). In your letter, you stated that some software programs display available products along with their qualification requirements, terms, and prices, many of which change on a daily or even more frequent basis. These programs enhance the mortgage loan officer's ability to evaluate the products, options, and variables available to determine which mortgage products might serve the customer's needs. So long as these programs do not select the mortgage loan product for the mortgage loan officer and the mortgage loan officer is still responsible for assessing the alternatives and making recommendations to the customer, the use of technological tools would not mean that the mortgage loan officer does not exercise the necessary discretion and independent judgment.

Based on the foregoing analysis, we conclude that the mortgage loan officers described above satisfy the duties requirements of the administrative exemption.

This opinion is based exclusively on the facts and circumstances described in your request and is given based on your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a conclusion different from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

Sincerely,

Paul DeCamp
Administrator

\* Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. § 552(b)(7).