# EXHIBIT Q
# TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SARAH E. BOUCHARD 1/10/2012

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

---------------------------------X

DEBORAH BOLLINGER and BRYAN       :
BUBNICK, individually and on      :
behalf of all others similarly    :
situated,                         :
              Plaintiffs,         :
       v.                         :   Case No.:
RESIDENTIAL CAPITAL, LLC,         :   C10-1123 (RSM)
ALLY FINANCIAL, INC.,             :
              Defendants.         :
---------------------------------X

Deposition of SARAH E. BOUCHARD, ESQUIRE

Philadelphia, Pennsylvania

Tuesday, January 10, 2012

8:55 a.m.

Job No.: 22-209861

Pages 1 - 45

Reported by: Darlene S. Traficante, RPR, CSR, CMRS

SARAH E. BOUCHARD 1/10/2012

Page 26

1    this letter?
2             MR. GOLDER:  Objection as to form.
3             THE WITNESS:  I don't think that the opinion
4    letter is incomplete.  Although it doesn't reference
5    every single regulation that we factored in, or that
6    Anne and I had discussed.
7             MR. SCHUG:  Okay.
8             THE WITNESS:  But to my knowledge, other
9    than that footnote, there is nothing inaccurate.
10            MR. SCHUG:  Okay.
11   BY MR. SCHUG:
12        Q    And in that footnote it also says there have
13   been no opinion letters issued by the Department of
14   Labor analyzing this particular issue.
15            That was correct, right?
16        A    There had been no opinion letters addressing
17   the underwriter position specifically.
18            There had been a September 2006 opinion
19   letter addressing loan officers, and as you know, loan
20   officers and underwriters have some overlapping
21   functions.
22        Q    And you didn't cite the 2006 opinion letter
23   in this, in your letter to GMAC; is that correct?
24        A    It's not cited.
25        Q    Okay.

```
 1    email he said, here's the draft opinion letter.  Well,
 2    I can just get the email.
 3         A     That would be great.
 4               (BOUCHARD Deposition Exhibit 2 was marked
 5    for identification and attached to the transcript.)
 6    BY MR. SCHUG:
 7         Q     I'm showing you what's been marked as
 8    Exhibit 2, this is an email from, it looks like Mike
 9    Eagles to Mike Kaplan dated December 5th, 2006.  And
10    the Bates label is DEF-DB6324.
11               Do you recognize this?
12         A     It looks like an email he sent.
13         Q     And it says, do you see in the second
14    sentence it says, the letter is in draft form in case
15    you have revisions.  Please give me a call after
16    you've had a chance to review so we can discuss your
17    comments and the next steps in the project.
18               Do you see that?
19         A     Yes.
20         Q     And did you receive any revisions from GMAC
21    on this draft letter?
22         A     I don't believe so.
23         Q     Okay.
24               And outside of the contents of the letter
25    that we looked at that was Exhibit 1, did you give any
```

```
 1      A    I don't remember using those exact words.
 2   The loan officer opinion letter was good and factored
 3   in because there are overlapping functions that a loan
 4   officer and underwriters do.
 5      Q    Did the 2006 loan officer opinion letter
 6   address all the job duties of a mortgage underwriter?
 7      A    No.
 8      Q    And did the 2006 opinion letter specifically
 9   address the application of the administrative
10   exemption to all the job duties of a mortgage
11   underwriter?
12           MR. GOLDER:  Objection to form.
13           Which opinion letter are you talking about
14   since there are two?
15           MR. SCHUG:  The September --
16           THE WITNESS:  There's not an opinion letter
17   that addresses underwriters specifically.
18           MR. SCHUG:  Okay.
19   BY MR. SCHUG:
20      Q    And again we're talking about the
21   September 2006 loan officer letter?
22      A    I'm not sure what your question is. But the
23   loan officer letter addressed loan officers.
24           As you know, under the Fair Labor Standards
25   Act, job titles and job descriptions are not
```

```
 1    determinative, so under the law you could look at a
 2    position that had some similar factors and use that in
 3    your legal analysis.
 4         Q    And my question is a little bit different
 5    than that.
 6              My question is, did the September 2006
 7    opinion letter on loan officers from the Department of
 8    Labor address the application of the administrative
 9    exemption to the job duties of an underwriter?
10         A    Certain job duties, yes.
11         Q    Did it apply the application of the
12    administrative exemption to all the job duties of an
13    underwriter?
14         A    It did not address all of the job duties of
15    the underwriter because it was addressing the job
16    duties specific to a loan officer.
17         Q    Okay.
18              Now, I want to go back a little bit and talk
19    about the process that you went through to figure out,
20    or to get the background research of what an
21    underwriter at GMAC was doing.
22              Whose responsibility was it to talk to the
23    underwriters at GMAC and find out what their job
24    duties were?
25              MR. OSSIP:  Objection to form.
```