THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH BOLLINGER AND BRYAN BUBNICK, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>RESIDENTIAL CAPITAL, LLC, GMAC Mortgage, LLC, AND ALLY FINANCIAL, INC.,<br>     Defendants. | Case No.  C10-1123 (RSM)<br><br>JOINT STIPULATION AND MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION AGAINST DEFENDANTS WITH PREJUDICE AND [PROPOSED] ORDER REGARDING DISMISSAL WITH PREJUDICE |

**JOINT STIPULATION AND MOTION TO APPROVE SETTLEMENT
AND DISMISS ACTION AGAINST DEFENDANTS WITH PREJUDICE**

Plaintiffs Deborah Bollinger ("Bollinger") and Bryan Bubnick ("Bubnick") (collectively, the "Named Plaintiffs"), individually and on behalf of the 82 opt-in plaintiffs (including the Named Plaintiffs) who have opted into this action, have not withdrawn from this action, and who have filed proofs of claim in the Chapter 11 Cases[1] (collectively, "Plaintiffs") and Defendants Residential Capital, LLC ("ResCap") and GMAC Mortgage, LLC ("GMAC Mortgage"),[2] (Plaintiffs and Defendants are collectively referred to herein as the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement and to Dismiss Case With Prejudice.  In support of this Motion, the Parties state:

---

[1] The phrase "Chapter 11 Cases" is defined in Paragraph 5, below.
[2] Defendant Ally Financial, Inc. ("AFI") does not join this motion, because AFI and Plaintiffs stipulated to AFI's dismissal with prejudice from this action.

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 1
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1.     On July 9, 2010, the Named Plaintiffs commenced the instant lawsuit (the "Action") by filing a Complaint styled *Bollinger, et al. v. Residential Capital, LLC et al.*, and designed as Civil Action No. 2:10-01123 (RSM) in the above-entitled Court, pursuant to which the Named Plaintiffs asserted, inter alia, overtime claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), including the collective action provision of the FLSA, 29 U.S.C. § 216(b) and Rule 23 Class Washington state law allegations and alleged that the Defendants failed to pay the Named Plaintiffs and similarly situated workers proper overtime compensation;

2.     On November 5, 2010, the Named Plaintiffs filed a Motion for Conditional Certification and Court-Authorized Notice pursuant to Section 216(b) of the FLSA, which the above-entitled Court granted on January 5, 2011;

3.     Approximately 92 individuals, including the Named Plaintiffs, opted into the Action by filing consent forms with above-entitled Court (collectively the "Original Opt-in Plaintiffs");

4.     On May 30, 2012, the above-entitled Court granted Plaintiffs' Motion for Partial Summary Judgment and Denied Defendants' Motion for Partial Summary Judgment;

5.     On May 14, 2012, ResCap and GMAC Mortgage, along with certain of their affiliates (collectively, "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") commencing cases under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), which matters have been consolidated for administrative purposes only under Case No. 12-12020 (MG);

6.     On May 16, 2012, an official committee of unsecured creditors (the "Creditors' Committee") was formed in the Chapter 11 Cases;

7.     Eighty-two (82) of the Original Opt-in Plaintiffs have filed proofs of claim in the Chapter 11 Cases, while the following ten Original Opt-in Plaintiffs do not have viable claims in this lawsuit against Defendants, have not filed proofs of claim in the Chapter 11 Cases, and are no longer pursuing claims against the Defendants in the Action:  Joanne Burlou, Domenic

1   Danino, Nancy Darden, Michael Ruggia, Kischa Rushing, Gladena Tompkins, Michele Valletta,

2   Cheryl Williams,  Gregory Wise and Nancy Butzen (collectively the "Withdrawal Plaintiffs");

3       8.      On March 21, 2013, the Bankruptcy Court entered an Order [Docket No. 3294],

4   approving, among other things, settlement procedures with respect to the proofs of claim filed in

5   the Chapter 11 Cases; pursuant to which the Debtors are authorized with the consent of the

6   Creditors Committee, to settle claims below certain thresholds, without further order of the

7   Bankruptcy Court (the "Claims Procedures Order");

8       9.      Pursuant to Section 362 of the Bankruptcy Code, the Action as to the Defendants

9   was automatically stayed upon the commencement of the Chapter 11 Cases;

10      10.     On July 3, 2012, the Named Plaintiffs filed a motion with the Bankruptcy Court

11  requesting relief from the automatic stay in the Chapter 11 Cases in order to proceed with the

12  Action, which motion for relief from the automatic stay was denied by the Bankruptcy Court;

13      11.     On July 3, 2013, ResCap and the Creditors' Committee filed the Joint Chapter 11

14  Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured

15  Creditors [Docket No. 6065, Ex. 1] in the Bankruptcy Court (as revised and confirmed, the

16  "Chapter 11 Plan"), a copy of which was previously provided to the above-entitled Court in this

17  Action (*see* Appendix 1 to Exhibit A of Defendants' Notice of Entry of Residential Capital LLC

18  Confirmation Order and Release of Ally Financial, Inc. [Docket No. 171]) and which is also

19  available at www.kccllc.net/rescap;

20      12.     On December 11, 2013, the Bankruptcy Court confirmed the Chapter 11 Plan in

21  the Chapter 11 Cases [Docket. No. 6065], which directly bears upon the instant Action filed by

22  Plaintiffs.

23      13.     On December 17, 2013, the Plan Effective Date occurred and the ResCap

24  Liquidating Trust was created.  *See* Notice of Entry of Confirmation Order Confirming the

25  Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the

26  Official  Committee  of  Unsecured  Creditors  and  Occurrence  of  Effective  Date

27  [Docket No. 6137];

28

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 3
(2:10-cv-01123 RSM)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

14.     Pursuant to the Plan and Confirmation Order, the ResCap Liquidating Trust has the authority to settle Claims asserted against the Debtors without further order of the Bankruptcy Court;

15.     The Parties have engaged in settlement discussions and have reached an accord resulting in a written settlement agreement, a copy of which is submitted herewith as **Attachment A** (the "Settlement Agreement");

16.     Counsel for the Named Plaintiffs and Plaintiffs has engaged in substantial discovery, including but not limited to, taking the deposition of the Defendants' Federal Rule of Civil Procedure 30(b)(6) witness, defending depositions, interviewing numerous Plaintiffs and reviewing thousands of documents produced by Defendants;

17.     The purpose of this Settlement Agreement is to settle fully and finally all Released Claims (as defined in the Settlement Agreement) between Named Plaintiffs, the Opt-In Plaintiffs and Defendants ResCap, GMAC Mortgage and AFI, including all claims asserted in the Action and the Proofs of Claim;

18.     Without admitting or conceding any liability or damages whatsoever and without admitting that pay and/or overtime amounts improperly were withheld from any employees, Defendants agreed to settle the Action on the terms and conditions set forth in the Settlement Agreement, to avoid the burden, expense, and uncertainty of continuing the Action;

19.     AFI and Plaintiffs previously stipulated to AFI's dismissal with prejudice from this action.  Although AFI is not contributing to the settlement, Named Plaintiffs and Plaintiffs are releasing any and all claims against AFI, its present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them;

20.     Counsel for the Named Plaintiffs and Plaintiffs has analyzed and evaluated the merits of the claims made against the Defendants in the Action, investigated the Defendants' pertinent payroll policies, analyzed payroll data for Plaintiffs, and the impact of this Settlement Agreement on Plaintiffs and based upon their analysis and evaluation of a number of factors, and

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 4
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Counsel for the Named Plaintiffs and Plaintiffs is satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate and that this Settlement Agreement is in the best interest of the Named Plaintiffs and Plaintiffs;

21.     Although the Ninth Circuit Court of Appeals has never addressed the approval of FLSA settlements, the Eleventh Circuit has held that there are only two ways to settle FLSA claims:  the Secretary of Labor can supervise payment of the unpaid wages owed the employee; or the district court in which a private action is pending can enter a stipulated judgment. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982).  In the latter case, the district court must determine that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354–55.  Numerous district courts follow *Lynn's Food*, including those in this District and the Ninth Circuit.  *See, e.g., Shea v. Ryla Teleservs.*, No. 1:11-cv-0626-AWI-BAM, 2012 WL 4210291, *2–3 (W.D. Wash. 2012) (noting "settlement of private actions for back wages . . . must be approved by the district court" and citing *Lynn's Food*); *Almodova v. City and Cnty. of Honolulu*, 2010 WL 1372298, *2 (D. Haw. 2010) (describing *Lynn's Food* as a "seminal" opinion); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (describing *Lynn's Food* as a "well reasoned and oft-cited decision").

22.     The Parties agree that the settlement does not include a Rule 23 Class for any state law wage claims.  The only plaintiffs in this case are the 82 individuals (Named Plaintiffs and Opt-in Plaintiffs) who have filed proofs of claim in the Chapter 11 Cases.  The Withdrawal Plaintiffs did not assert their claims in the Chapter 11 Cases.  "The primary focus of the Court's inquiry in determining whether to approve the settlement of a FLSA collective action is not, as it would be for a Rule 23 class action, on due process concerns[.]" *Sanderson Farms*, 568 F. Supp. At 719 (citing *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982); *Kinney Shoe Corp. v. Vorhes* [sic], 564 F.2d 859, 863–64 (9th Cir. 1977)).  Instead, the focus is on

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 5
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  "ensuring that an employer does not take advantage of its employees in settling their claim for

2  wages." *See id.*

3      23.    Here, the employer has not taken advantage of its employees in settling their wage

4  cases. Plaintiffs have been represented by Plaintiffs' counsel throughout this process. Plaintiffs'

5  Counsel filed individual Proofs of Claim forms on behalf of the Named Plaintiffs and Opt-In

6  Plaintiffs, so that they could continue to assert their claims in the Chapter 11 Cases.

7      24.    The settlement in this case provides for allowed claims totaling $2,000,000.

8  During this litigation, Plaintiffs retained a damages expert.    According to his analysis,

9  $2,000,000 represents almost 14 hours of overtime worked per week, over a three year statute of

10  limitations (i.e., assuming a willful violation of the FLSA, *see* 29 U.S.C. § 255(a)), without

11  liquidated  damages,  calculated  *without*  using  the  fluctuating  workweek  method.

12  (*See* Declaration of Matthew C. Helland in Support of Joint Stipulation and Motion to Approve

13  Settlement and Dismiss Action, submitted herewith and hereafter referred to as the "Helland

14  Decl.", ¶ 3.)    If the Court were to apply the fluctuating workweek method of calculating

15  damages, the damages would be reduced greatly.    *Compare Tumulty v. FedEx Ground Package*

16  *Sys., Inc.*, 2005 WL 1979104 (W.D. Wash. 2005) (applying the fluctuating workweek (half-time)

17  method of calculation) with *Zulewski v. Hershey Co.*, 2013 WL 633402 (N.D. Cal. 2013)

18  (refusing to apply the fluctuating workweek (half-time) method of calculation).

19      25.    Pursuant to the Chapter 11 Plan, Plaintiffs and Plaintiffs' Counsel will receive

20  cash payments in the amount of 36.3% of their respective allowed claims.

21      26.    Plaintiffs' Counsel has individual retainer agreements with the named Plaintiffs

22  and the vast majority of the Opt-in Plaintiffs. (Helland Decl. ¶ 4.) Those retainer agreements

23  provide for payment of attorneys' fees in the amount of one-third of any recovery, plus

24  reimbursement of costs.    (*Id.*)    Plaintiffs' Counsel incurred approximately $56,000 in

25  unreimbursed costs in costs litigating this case. (*Id.* at ¶ 5.) The allocation of the $2,000,000

26  settlement amount apportions this $56,000 in costs proportionately amongst Plaintiffs. (*Id.*)

27  It also accounts for one-third of the $2,000,000 amount as fees, apportioned proportionately

28  amongst Plaintiffs. (*Id.*)

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 6
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

27.     Because Plaintiffs' Counsel's allowed claims for fees and costs will be paid out at 36.3% of the allowed claim amount, Plaintiffs' counsel will receive reimbursement for only 36.3% of its expended costs.   In other words, Plaintiffs' Counsel did not gross up its costs to account for the expected 36.3% cash payout.   The net result of the 36.3% payout amount is that Plaintiffs' Counsel will use some of its fees to cover the unreimbursed costs.   (Helland Decl. ¶ 6.)   The ultimate fee recovery will therefore be less than one-third of the total cash paid out in the bankruptcy case.

WHEREFORE, the Parties respectfully request that this Court dismiss this Action with prejudice and without an award of costs or attorneys' fees, and approve the Settlement Agreement between the Parties as a fair, adequate and reasonable resolution of the claims raised, or which could have been raised, in this litigation and dismissing this case with prejudice.

RESPECTFULLY SUBMITTED this 10th day of April 2014.

NICHOLS KASTER, LLP

By   _/s/ Matthew C. Helland_
    Matthew C. Helland
    One Embarcadero Center, Suite 720
    San Francisco, California 94111
    Tel: 415-277-7235
    Fax: 415-277-7238
    E-mail: helland@nka.com
    Beth E. Terrell, WSBA #26759
    Terrell Marshall & Daudt PLLC
    3600 Fremont Avenue North
    Seattle, Washington 98103
    Tel:  206.816.6603
    Fax: 206.350.3528
    E-mail: bterrell@tmdlegal.com
    *Attorneys for Plaintiffs*

JACKSON LEWIS P.C.

By   _/s/ Peter H. Nohle_
    Peter H. Nohle, WSBA #35849
    Paul DeCamp, *pro hac vice*
    William J. Anthony, *pro hac vice*
    David R. Golder, *pro hac vice*
    520 Pike Street, Suite 2300
    Seattle, WA  98101
    nohlep@jacksonlewis.com
    decampp@jacksonlewis.com
    anthonyw@jacksonlewis.com
    golderd@jacksonlewis.com

    *Attorneys for Defendants Residential*
    *Capital LLC and Ally Financial, Inc.*

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 7
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**[PROPOSED]**
**ORDER**

Based upon the foregoing Joint Stipulation and Motion to Approve Settlement and Dismiss Action Against Defendants with Prejudice, the supporting Declaration of Matthew C. Helland, and this Court's review of the Settlement Agreement together with the records and files previously submitted in this Action, the Court hereby approves of the settlement as fair, adequate, reasonable, and binding on all parties. Accordingly, it is hereby ORDERED that the above-entitled action be dismissed against all Defendants with prejudice and without an award of costs of attorneys' fees to any party (other than as set forth in the parties' Settlement Agreement).

IT IS SO ORDERED.

DATED this _____ day of _____, 2014.


_____
The Honorable Ricardo S. Martinez

JACKSON LEWIS P.C.

By   _/s/ Peter H. Nohle_____
        Peter H. Nohle, WSBA #35849
        Paul DeCamp, *pro hac vice*
        William J. Anthony, *pro hac vice*
        David R. Golder, *pro hac vice*
        Attorneys for Defendants Residential Capital LLC
        and Ally Financial, Inc.

NICHOLS KASTER, LLP

By   _/s/ Matthew C. Helland_____
        Matthew C. Helland


        Beth E. Terrell, WSBA #26759
        Terrell Marshall & Daudt PLLC

*Attorneys for Plaintiffs*

*4832-9891-9962, v. 1*

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 8
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

ATTACHMENT  A

**Execution Version**

## STIPULATED SETTLEMENT AGREEMENT AND RELEASE

This Stipulated Settlement Agreement and Release (the "Settlement Agreement") dated as of April 4, 2014, is entered into by and between, on the one hand, Deborah Bollinger ("Bollinger") and Bryan Bubnick ("Bubnick") (collectively, the "Named Plaintiffs"), individually and on behalf of the Class Members,[1] and, on the other hand, Residential Capital, LLC ("ResCap"), and GMAC Mortgage, LLC ("GMAC Mortgage" and together with ResCap, the "Settling Defendants"), the approval of which will be sought in the Washington Court.

### RECITALS AND BACKGROUND

WHEREAS, on July 9, 2010, the Named Plaintiffs filed a Complaint commencing an action (the "Action") styled *Bollinger et al. v. Residential Capital, LLC et al.*, Civil Action No. 2:10-01123 (RSM), in the United States District Court for the Western District of Washington (the "Washington Court"), pursuant to which the Named Plaintiffs asserted, *inter alia*, overtime claims against the Settling Defendants and Ally Financial Inc. ("AFI" and collectively with the Settling Defendants, the "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), including the collective action provision of the FLSA, 29 U.S.C. § 216(b) and Rule 23 Class Washington state law allegations and alleged that the Defendants failed to pay the Named Plaintiffs and similarly situated workers proper overtime compensation;

WHEREAS, on November 5, 2010, the Named Plaintiffs filed a Motion for Conditional Certification and Court-Authorized Notice pursuant to Section 216(b) of the FLSA, which the Washington Court granted on January 5, 2011;

WHEREAS, approximately 92 individuals, including the Named Plaintiffs, opted into the Action by filing consent forms with the Washington Court (collectively the "Original Opt-in Plaintiffs");

WHEREAS, on May 30, 2012, the Washington Court granted plaintiffs' Motion for Partial Summary Judgment and Denied Defendants' Motion for Partial Summary Judgment;

---

[1]   Unless otherwise indicated, capitalized terms are defined in Section 1 below titled "Definitions."

1

WHEREAS, On May 14, 2012, Settling Defendants ResCap and its subsidiary GMAC Mortgage, along with certain of their affiliates, filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") commencing cases under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases");

WHEREAS, the Chapter 11 Cases have been consolidated for administrative purposes only under Case No. 12-12020 (MG);

WHEREAS, on May 16, 2012, an official committee of unsecured creditors (the "Creditors' Committee") was formed in the Chapter 11 Cases;

WHEREAS, eighty two (82) of the Original Opt-in Plaintiffs have filed proofs of claim in the Chapter 11 Cases as reflected on Exhibit "A" hereto (collectively the "Proofs of Claim" and each a "Proof of Claim");

WHEREAS, the following 10 Original Opt-in Plaintiffs have not filed proofs of claim in the Chapter 11 cases, have voluntarily withdrawn from the Action and are no longer pursuing claims against the Defendants in the Action: Joanne Burlou, Domenic Danino, Nancy Darden, Michael Ruggia, Kischa Rushing, Gladena Tompkins, Michele Valletta, Cheryl Williams, Gregory Wise and Nancy Butzen (collectively the "Withdrawal Plaintiffs");

WHEREAS, on March 21, 2013, the Bankruptcy Court entered an order [Dkt. # 3294], approving, among other things, settlement procedures with respect to the proofs of claim filed in the Chapter 11 Cases; pursuant to which the Debtors are authorized with the consent of the Creditors Committee, to settle claims below certain thresholds, without further order of the Bankruptcy Court (the "Claims Procedures Order");

WHEREAS pursuant to section 362 of the Bankruptcy Code the Action as to the Debtor Defendants was automatically stayed upon the commencement of the Chapter 11 Cases;

WHEREAS on July 3, 2012, the Named Plaintiffs filed a motion requesting relief from the automatic stay in the Chapter 11 Cases in order to proceed with the Action;

WHEREAS following a hearing held on October 12, 2012, the Bankruptcy Court,

pursuant to an order dated October 19, 2012, denied the motion for relief from the automatic stay;

WHEREAS, on December 17, 2013, the Plan Effective Date occurred;

WHEREAS, upon the Plan Effective Date, the ResCap Liquidating Trust was created;

WHEREAS, pursuant to the Plan and Confirmation Order, the ResCap Liquidating Trust has the authority to settle Claims asserted against the Debtors without further order of the Bankruptcy Court;

WHEREAS, the Settling Parties have engaged in settlement discussions and have reached an accord resulting in this Settlement Agreement;

WHEREAS, the Settling Defendants deny all of the allegations made by Named Plaintiffs in the Action, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Action;

WHEREAS, Class Counsel has engaged in substantial discovery, including but not limited to, taking the deposition of the Defendants' Federal Rule of Civil Procedure 30(b)(6) witness, defending depositions, interviewing numerous plaintiffs and Class Members, and reviewing thousands of documents produced by Defendants;

WHEREAS, the purpose of this Settlement Agreement is to settle fully and finally all Released Claims between Named Plaintiffs, the Opt-In Plaintiffs and Defendants ResCap, GMAC Mortgage and AFI, including all claims asserted in the Action and the Proofs of Claim;

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that pay and/or overtime amounts improperly were withheld from any employees, the Settling Defendants agreed to settle the Action on the terms and conditions set forth in this Settlement Agreement, to avoid the burden, expense, and uncertainty of continuing the Action;

WHEREAS, Defendant AFI is not contributing to the settlement but Named Plaintiffs and Class Members are releasing any and all claims against AFI, its present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit

3

plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them;

WHEREAS, Class Counsel analyzed and evaluated the merits of the claims made against the Defendants in the Action, investigated the Defendants' pertinent payroll policies, analyzed payroll data for the Named Plaintiffs and a significant sample of the Original Opt-In Plaintiffs, and the impact of this Settlement Agreement on the Named Plaintiffs and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate and that this Settlement Agreement is in the best interest of the Named Plaintiffs and the Opt-In Plaintiffs; and

WHEREAS, the Settling Parties agree that there is no Rule 23 Class for any state law wage claims and the only plaintiffs in this lawsuit are the Original Opt-in Plaintiffs who opted into the lawsuit, did not withdraw or were not dismissed from the Action, and as of the date hereof the remaining plaintiffs consist solely of the Opt-In Plaintiffs each of which filed Proofs of Claim and that the Withdrawal Plaintiffs are no longer plaintiffs to the Action;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Settlement Agreement, as well as the good and valuable consideration provided for herein, the Settling Parties hereto agree to settle the Action on the following terms and conditions:

1. *DEFINITIONS*

The defined terms not otherwise defined in this Settlement Agreement have the meanings ascribed to them below.

1.1 "Allowed Proofs of Claim" means for each Class Member the allowed amount of its Proof of Claim as reflected on Exhibit "A" hereto.

1.2 "Claim" means a "claim" as such term is defined in section 101(5) of the Bankruptcy Code.

4

1.3    "Class Counsel" means Matthew Helland, Nichols Kaster LLP, One Embarcadero Center, Suite 720, San Francisco, CA 94111 and Beth E. Terrell, Terrell Marshall & Daudt PLLC, 3600 Fremont Avenue, North, Seattle, WA 98103

1.4    "Class Counsel Fees & Expenses" means the reasonable fees costs and expenses incurred by Class Counsel in connection with commencing and prosecuting the Action.

1.5    "Class Counsel Proofs of Claim" has the meaning set forth in section 6.1.

1.6    "Class Members" means the 82 individuals who opted into the Action (including the Named Plaintiffs), are part of the Original Opt-in Plaintiffs in the Action, and have not withdrawn from the underlying Action and have filed the Proofs of Claim.  For the avoidance of doubt, the Withdrawal Plaintiffs are not Class Members.  There is no Rule 23 class.

1.7    "Confirmation Order" means the order entered by the Bankruptcy Court confirming the Plan.

1.8    "Days" means business days if the specified number is less than ten (10), and calendar days if the specified number is ten (10) or greater.

1.9    "Defendants" means ResCap, GMAC Mortgage, and AFI, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.

1.10   "Defendants' Counsel" means Peter H. Nohle of Jackson Lewis, LLP, 600 University Street, Suite 2900, Seattle, WA 98101 and William Anthony and David Golder of Jackson Lewis, LLP, 90 State House Square, 8th Floor, Hartford, CT 06103.

1.11   "Effective Date" means the date on which all of the following shall have occurred and is conditioned on the occurrence of all of the following: (i) the Washington Court has approved the Settlement in a form satisfactory to the Settling Defendants and Named Plaintiffs, (ii) the Confirmation Order has been entered in the Bankruptcy Court; (iii) the Plan Effective Date has occurred; and (iv) the

5

Settlement has not been terminated pursuant to paragraph 8.1 hereof.

**1.12** "Final" means with respect to the Settlement Order, the time to appeal or petition for certiorari has expired and no timely appeal or petition for certiorari is pending.

**1.13** "Opt-In Plaintiffs" means any individual other than the Named Plaintiffs who opted into the Action, did not withdraw and who filed the Proofs of Claim.

**1.14** "Plan" means the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC *et. al.* and the Official Committee of Unsecured Creditors [Chapter 11 Case Dkt # 5722-1] as the same may be amended or modified from time to time, filed in the Chapter 11 Cases.

**1.15** "Plan Effective Date" means the "Effective Date" as defined in the Plan.

**1.16** "Proofs of Claim" has the meaning set forth in the recitals.

**1.17** "Related Parties" means, as to the Defendants, their respective past or present heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, and any other representatives of any of these persons or entities.

**1.18** "Release" means the releases contained in Section 2 below.

**1.19** "Released Parties" means the Settling Defendants and each of their respective Related Parties.

**1.20** "Released Parties' Claims" means any and all claims, rights, causes of action, liabilities or any other matters, whether known or Unknown Claims (as defined below), foreseen or unforeseen, whether arising under federal, state, common or foreign law, that have been or could have been asserted in the Action or any forum by the Released Parties or their attorneys against Named Plaintiffs, the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution or settlement of the Action, including without limitation the Proofs of Claim (except for claims to enforce the Settlement).

**1.21** "Settled Claims" means any and all claims, rights, causes of action, liabilities or any other matters, whether known or Unknown Claims (as defined below), foreseen or unforeseen, whether arising under federal, state, common or foreign

6

law, that (a) Named Plaintiffs, or any other Class Member asserted in the Action or could have asserted in any forum, that arise out of, are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, disclosures, representations or omissions involved, set forth or referred to in the Action; (b) relate in any way to any violation of state, federal or any foreign jurisdiction's laws regarding wage and hour claims including but not limited to claims for wages, minimum wage, bonuses, overtime wages or other compensation, for hours worked by the Class Members and (c) the Proofs of Claim. Notwithstanding the foregoing, "Settled Claims" does not include claims relating to the enforcement of the Settlement.

1.22 "Settlement" means this Settlement Agreement and the settlement contained herein.

1.23 "Settlement Agreement" means this Stipulated Settlement Agreement and Release.

1.24 "Settlement Distribution" means the pro rata amount of any distribution payable in accordance with the Plan on account of the Allowed Proofs of Claim for the benefit of the Class Members and Class Counsel on account of the Class Counsel Proofs of Claim.

1.25 "Settlement Order" means an order of the Washington Court approving this Settlement Agreement.

1.26 "Settling Parties" means Settling Defendants and Named Plaintiffs on behalf of themselves and the Class Members.

1.27 "Unknown Claims" means any and all Settled Claims that the Named Plaintiffs and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties or their attorneys do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Named Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from being a Class Member.

1.28 "Washington Court" means the United States District Court for the Western

District of Washington in which the underlying action—*Bollinger et al. v. Residential Capital, LLC et al.*, Civil Action No. 2:10-01123 (RSM)—was filed and presides.

2.   *DESIGNATION OF REPRESENTATION AND RELEASE OF CLAIMS*

2.1   The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of the Action as against Defendants, and shall fully and finally release any and all Settled Claims as against all Released Parties and shall also act as a release against Named Plaintiffs, together with their officers, directors, employees, agents and attorneys, and all other Class Members for any and all Released Parties' Claims.

2.2   Upon the Effective Date, Named Plaintiffs, and each of the Class Members, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Released Parties and AFI and each of their Related Parties from any and all Claims (including, without limitation, all proofs of claim filed against GMAC Mortgage in the Chapter 11 Cases), obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including but not limited to, any derivative Claims assertable on behalf of the Defendants, and that arise out of the Action, or the nucleus of operative facts that gave rise to the Action, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively). Notwithstanding the foregoing, and notwithstanding any other terms or provisions in this Settlement Agreement, by executing this Settlement Agreement Named Plaintiffs, individually and on behalf of the Class Members, (1) release AFI and the Ally Parties as that term is defined in the Plan from any and all claims unconditionally and without regard to further proceedings and (2) authorize execution and filing with the Court the stipulation attached hereto as Exhibit "B" (the "Stipulation of Dismissal With Prejudice of Ally Financial Inc.") to this Settlement Agreement dismissing AFI with prejudice from the Action contemporaneously with the execution of this Settlement Agreement. Notwithstanding the foregoing, nothing in this release shall operate as a release of any right to the payment of the Settlement Distribution as provided herein.

2.3   The Named Plaintiffs and each of the Class Members acknowledge and agree that

8

they will be bound by the terms of the releases, exculpations and discharges set forth in Article IX of the Plan and Confirmation Order in favor of Released Parties and AFI and its respective Related Parties.

2.4    In connection with the Settling Parties effort to obtain approval of this Settlement Agreement from the Washington Court, the Settling Parties shall seek as part of such approval the dismissal with prejudice of the claims asserted against the Defendants by the Withdrawal Plaintiffs.

3.    *SETTLEMENT PAYMENT*

(A)    In consideration of the Settlement of the Settled Claims against the Defendants and the other Released Parties, the Class Members shall be granted the Allowed Proofs of Claim which shall be payable pursuant to and in accordance with the Plan.  Specifically, each Class Member's Allowed Proof of Claim shall be classified and treated under the Plan as a "Class R-8 General Unsecured Convenience Claim" and shall consist of the respective amount allocated to such Class Member as set forth under the columns entitled "Allowed Claim for Wages (W-2)" and "Allowed Claim for Liquidated Damages (1099)" on Exhibit "A" hereto.  Following the Plan Effective Date, subject to and in accordance with the terms of the Plan, the Claimants shall receive their Settlement Distribution on Account of their Allowed Proofs of Claim from the ResCap Liquidating Trust established under the Plan.

(B)    This is not a "claims made" settlement; following the Effective Date of the Settlement, except as otherwise set forth in the Plan, none of the Settlement Distributions shall be returned to Debtors and/or such other persons or entities funding the Settlement.

4.    *COURT APPROVAL*

4.1    This Settlement Agreement shall be binding on the Parties as of the date set forth in the introductory paragraph of this Settlement Agreement, provided that (a) such Agreement is approved by the Washington Court and (b) the Plan Effective Date occurs.  The Settling Parties shall use commercially reasonable efforts to obtain Washington Court's approval of this Settlement Agreement.  Within fifteen (15) days of signing this Agreement, Named Plaintiffs will file a Motion for

Settlement Approval ("Approval Motion") along with the agreed upon Settlement Agreement. In the Approval Motion, the Settling Parties will ask the Court to enter the Settlement Order to (1) approve the settlement as fair, adequate, reasonable, and binding on all Plaintiffs and Opt-in Plaintiffs; (2) approve the Class Counsel Fees & Expenses; (3) and approve a process by which the Action and the claims of all the plaintiffs, including the Named Plaintiffs, the Class Members and the Withdrawal Plaintiffs will be dismissed with prejudice and without any award of costs or fees other than as set forth in this Agreement.

**4.2  On the Effective Date, the Named Plaintiffs will cause the Action to be dismissed with prejudice.**

**5.**  *ADMINISTRATION OF SETTLEMENT DISTRIBUTION*

5.1  Provided the Effective Date occurs, the Settlement Distributions shall be paid by the ResCap Liquidating Trust in accordance with the provisions of the Plan and Confirmation Order.

5.2  The Disbursing Agent (as such term is defined in the Plan) shall withhold from the Settlement Distribution all employee tax withholdings required by applicable law and shall separately report and remit such withholding to the appropriate government unit. The Disbursing Agent shall be responsible for the reporting and remittance of all employer taxes, which for the avoidance of doubt are not included in the Settlement Payment. The Named Plaintiffs and Class Members shall have the sole responsibility for the satisfaction of any other taxes imposed on such Name Plaintiff or Class Member on account of the distributions to be made to such persons hereunder and under the terms of the Plan. The Disbursing Agent shall require as a condition to making any distribution to any of the Named Plaintiffs and Class Member that such persons completes the appropriate tax forms, including, without limitation, form w-9.

5.3  Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.

*Execution Version*

**6.**   *ATTORNEYS' FEES AND LITIGATION EXPENSES*

**6.1**   Class Counsel Fees and Expenses shall be satisfied through distributions under the Plan on account of the allowance of a portion of the Proofs of Claim as set forth on Exhibit "A" under the column entitled "Allowed Claim for Fees and Costs" (the "<u>Class Counsel Proofs of Claim</u>"), subject only to the approval of the Washington Court in the Settlement Order.  The Class Counsel Proofs of Claim shall be classified and treated under the Plan as "Class R-8 General Unsecured Convenience Claims".  Other than with respect to the Plan distributions to be made on account of the Class Counsel Proofs of Claim, Defendants shall have no responsibility for payment of any part of such fees or expenses.

**7.**   *NO ADMISSION OF LIABILITY*

**7.1**   This Settlement Agreement is not an admission of any liability but is a compromise and the Settlement and this Settlement Agreement shall not be treated as an admission of liability.  No communications (whether oral or in writing) between and/or among the Settling Parties, their counsel and/or their respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be used in any proceeding before any tribunal except the Washington Court for the limited purpose of obtaining approval hereof and, where necessary, the Bankruptcy Court, and all such communications shall be governed and protected in accordance with Federal Rule of Evidence 408 and other applicable law.

**8.**   *CONDITIONS   OF   SETTLEMENT,   EFFECT   OF   DISAPPROVAL, CANCELLATION, WAIVER, OR TERMINATION*

**8.1**   Within ten (10) days of the Washington Court's refusal to approve this Settlement Agreement or any material part of it, Defendants and Named Plaintiffs each shall have the right to terminate the Settlement and this Settlement Agreement, by providing written notice to the other of an election to do so.  However, any decision with respect to an application for Class Counsel Fees and Expenses, shall not be considered material to the Settlement and shall not be grounds for termination.

**8.2**   Except as otherwise provided herein, in the event the Settlement is terminated, is not approved by the Washington Court, or fails to become effective in accordance

11

with its terms, the Settlement termination shall be without prejudice, and none of the terms shall be effective or enforceable, and the facts of the Settlement shall not be admissible in any trial of the Action, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the date hereof. In such event, the terms and provisions of the Settlement Agreement shall be null and void and shall have no further force or effect. In such event, the Settling Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered. In such event, the Settlement Agreement shall not be used in the Action or in any other proceeding for any purpose.

**8.3** No order of the Washington Court or modification or reversal on appeal of any order of the Washington Court concerning the allocation or the Settlement Distribution of any Class Counsel Fees and Expenses shall constitute grounds for cancellation or termination of the Settlement Agreement.

**9.    *ALLOCATION OF SETTLEMENT FUND***

**9.1** Each Claimant shall receive the Allowed Proof of Claim as set forth on Exhibit "A" and the treatment of such Allowed Proof of Claim as set forth in paragraph 3(A) hereof in accordance with the Plan.

**9.2** No Class Member shall have any claim against Named Plaintiffs, Class Counsel, any Defendant, Released Party or Defendants' Counsel based on any distribution made in accordance with or as contemplated by this Settlement Agreement.

**10.   *MISCELLANEOUS PROVISIONS***

**10.1** The exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

**10.2** The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Named Plaintiffs, the Original Opt in Plaintiffs or any Class Members against all Released Parties and AFI and its Related Parties with respect to all Settled Claims. The Settling Parties agree that the amount paid and the other terms of this Settlement were negotiated at arms' length and in good faith, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

**10.3**   This Settlement Agreement, including the exhibits to this Settlement Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all signatories hereto or their successors-in-interest. Any condition in this Settlement Agreement may be waived by the party entitled to enforce the condition in a writing signed by that party or its counsel. The waiver by any party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of the breach by any other party, or a waiver of any other prior or subsequent breach of this Settlement Agreement by that party or any other party. Without further order of the Washington Court or Bankruptcy Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Settlement Agreement.

**10.4**   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.5**   The administration and consummation of this Settlement as embodied in this Settlement Agreement shall be under the authority of the Washington Court and Bankruptcy Court (where applicable), and the Washington Court and Bankruptcy Court shall retain concurrent jurisdiction for the purpose of, inter alia, entering orders providing for the enforcement of the terms of this Settlement Agreement, including, but not limited to, the releases provided for herein, and awards of the Class Counsel Fees and Expenses.

**10.6**   This Settlement Agreement and its exhibits constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties or inducements have been made by any Settling Party concerning this Settlement Agreement and its exhibits other than those contained and memorialized in such documents.

**10.7**   This Settlement Agreement may be executed in one or more original, e-mailed, and/or faxed counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**10.8**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

**10.9**   All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement.

13

**10.10** The construction, interpretation, operation, effect and validity of this Settlement Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Washington without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

**10.11** This Settlement Agreement shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arms-length negotiations between the Settling Parties and their counsel, and all Settling Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

**10.12** All counsel and any other person executing this Settlement Agreement and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

**10.13** Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Washington Court approval (and to the extent necessary Bankruptcy Court approval) of the Settlement Order, the Settlement Agreement and this Settlement, and to use reasonable efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain approval by the Washington Court of the Settlement.

**WE AGREE TO THESE TERMS,**

**RESIDENTIAL CAPITAL, LLC**
**By:  Quest Turnaround Advisors, LLC,**
**as Liquidating Trust Manager**

By: _____

Name: Jeffrey Brodsky

Title: Member

Date: April 8, 2014

**Execution Version**

**GMAC MORTGAGE, LLC**

**By:**   **Quest Turnaround Advisors, LLC,**
**as Liquidating Trust Manager**

By:    _____

Name: Jeffrey Brodsky

Title: Member

Date:  April 8, 2014

15

**Execution Version**

By: _____
     DEBORAH BOLLINGER

Dated: _____

By: _____
     BRYAN BUBNICK

Dated: 4/10/2014

16