IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH BOLLINGER AND BRYAN BUBNICK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>RESIDENTIAL CAPITAL, LLC, GMAC Mortgage, LLC, AND ALLY FINANCIAL, INC.,<br><br>        Defendants. | Case No.  C10-1123 (RSM)<br><br>JOINT STIPULATION AND MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION AGAINST DEFENDANTS WITH PREJUDICE AND ORDER REGARDING DISMISSAL WITH PREJUDICE |

**JOINT STIPULATION AND MOTION TO APPROVE SETTLEMENT
AND DISMISS ACTION AGAINST DEFENDANTS WITH PREJUDICE**

Plaintiffs Deborah Bollinger ("Bollinger") and Bryan Bubnick ("Bubnick") (collectively, the "Named Plaintiffs"), individually and on behalf of the 82 opt-in plaintiffs (including the Named Plaintiffs) who have opted into this action, have not withdrawn from this action, and who have filed proofs of claim in the Chapter 11 Cases[1] (collectively, "Plaintiffs") and Defendants Residential Capital, LLC ("ResCap") and GMAC Mortgage, LLC ("GMAC Mortgage"),[2] (Plaintiffs and Defendants are collectively referred to herein as the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement and to Dismiss Case With Prejudice.  In support of this Motion, the Parties state:

---

[1] The phrase "Chapter 11 Cases" is defined in Paragraph 5, below.
[2] Defendant Ally Financial, Inc. ("AFI") does not join this motion, because AFI and Plaintiffs stipulated to AFI's dismissal with prejudice from this action.

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 1
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1. On July 9, 2010, the Named Plaintiffs commenced the instant lawsuit (the "Action") by filing a Complaint styled *Bollinger, et al. v. Residential Capital, LLC et al.*, and designed as Civil Action No. 2:10-01123 (RSM) in the above-entitled Court, pursuant to which the Named Plaintiffs asserted, inter alia, overtime claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), including the collective action provision of the FLSA, 29 U.S.C. § 216(b) and Rule 23 Class Washington state law allegations and alleged that the Defendants failed to pay the Named Plaintiffs and similarly situated workers proper overtime compensation;

2. On November 5, 2010, the Named Plaintiffs filed a Motion for Conditional Certification and Court-Authorized Notice pursuant to Section 216(b) of the FLSA, which the above-entitled Court granted on January 5, 2011;

3. Approximately 92 individuals, including the Named Plaintiffs, opted into the Action by filing consent forms with above-entitled Court (collectively the "Original Opt-in Plaintiffs");

4. On May 30, 2012, the above-entitled Court granted Plaintiffs' Motion for Partial Summary Judgment and Denied Defendants' Motion for Partial Summary Judgment;

5. On May 14, 2012, ResCap and GMAC Mortgage, along with certain of their affiliates (collectively, "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") commencing cases under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), which matters have been consolidated for administrative purposes only under Case No. 12-12020 (MG);

6. On May 16, 2012, an official committee of unsecured creditors (the "Creditors' Committee") was formed in the Chapter 11 Cases;

7. Eighty-two (82) of the Original Opt-in Plaintiffs have filed proofs of claim in the Chapter 11 Cases, while the following ten Original Opt-in Plaintiffs do not have viable claims in this lawsuit against Defendants, have not filed proofs of claim in the Chapter 11 Cases, and are no longer pursuing claims against the Defendants in the Action:  Joanne Burlou, Domenic

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 2
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Danino, Nancy Darden, Michael Ruggia, Kischa Rushing, Gladena Tompkins, Michele Valletta, Cheryl Williams, Gregory Wise and Nancy Butzen (collectively the "Withdrawal Plaintiffs");

8. On March 21, 2013, the Bankruptcy Court entered an Order [Docket No. 3294], approving, among other things, settlement procedures with respect to the proofs of claim filed in the Chapter 11 Cases; pursuant to which the Debtors are authorized with the consent of the Creditors Committee, to settle claims below certain thresholds, without further order of the Bankruptcy Court (the "Claims Procedures Order");

9. Pursuant to Section 362 of the Bankruptcy Code, the Action as to the Defendants was automatically stayed upon the commencement of the Chapter 11 Cases;

10. On July 3, 2012, the Named Plaintiffs filed a motion with the Bankruptcy Court requesting relief from the automatic stay in the Chapter 11 Cases in order to proceed with the Action, which motion for relief from the automatic stay was denied by the Bankruptcy Court;

11. On July 3, 2013, ResCap and the Creditors' Committee filed the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 6065, Ex. 1] in the Bankruptcy Court (as revised and confirmed, the "Chapter 11 Plan"), a copy of which was previously provided to the above-entitled Court in this Action (*see* Appendix 1 to Exhibit A of Defendants' Notice of Entry of Residential Capital LLC Confirmation Order and Release of Ally Financial, Inc. [Docket No. 171]) and which is also available at www.kccllc.net/rescap;

12. On December 11, 2013, the Bankruptcy Court confirmed the Chapter 11 Plan in the Chapter 11 Cases [Docket. No. 6065], which directly bears upon the instant Action filed by Plaintiffs.

13. On December 17, 2013, the Plan Effective Date occurred and the ResCap Liquidating Trust was created. *See* Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date [Docket No. 6137];

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS ACTION AGAINST DEFENDANTS WITH PREJUDICE & ORDER REGARDING THE SAME - 3 (2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

14. Pursuant to the Plan and Confirmation Order, the ResCap Liquidating Trust has the authority to settle Claims asserted against the Debtors without further order of the Bankruptcy Court;

15. The Parties have engaged in settlement discussions and have reached an accord resulting in a written settlement agreement, a copy of which is submitted herewith as **Attachment A** (the "Settlement Agreement");

16. Counsel for the Named Plaintiffs and Plaintiffs has engaged in substantial discovery, including but not limited to, taking the deposition of the Defendants' Federal Rule of Civil Procedure 30(b)(6) witness, defending depositions, interviewing numerous Plaintiffs and reviewing thousands of documents produced by Defendants;

17. The purpose of this Settlement Agreement is to settle fully and finally all Released Claims (as defined in the Settlement Agreement) between Named Plaintiffs, the Opt-In Plaintiffs and Defendants ResCap, GMAC Mortgage and AFI, including all claims asserted in the Action and the Proofs of Claim;

18. Without admitting or conceding any liability or damages whatsoever and without admitting that pay and/or overtime amounts improperly were withheld from any employees, Defendants agreed to settle the Action on the terms and conditions set forth in the Settlement Agreement, to avoid the burden, expense, and uncertainty of continuing the Action;

19. AFI and Plaintiffs previously stipulated to AFI's dismissal with prejudice from this action. Although AFI is not contributing to the settlement, Named Plaintiffs and Plaintiffs are releasing any and all claims against AFI, its present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them;

20. Counsel for the Named Plaintiffs and Plaintiffs has analyzed and evaluated the merits of the claims made against the Defendants in the Action, investigated the Defendants' pertinent payroll policies, analyzed payroll data for Plaintiffs, and the impact of this Settlement Agreement on Plaintiffs and based upon their analysis and evaluation of a number of factors, and

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS ACTION AGAINST DEFENDANTS WITH PREJUDICE & ORDER REGARDING THE SAME - 4
(2:10-cv-01123 RSM)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1 recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Counsel for the Named Plaintiffs and Plaintiffs is satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate and that this Settlement Agreement is in the best interest of the Named Plaintiffs and Plaintiffs;

21. Although the Ninth Circuit Court of Appeals has never addressed the approval of FLSA settlements, the Eleventh Circuit has held that there are only two ways to settle FLSA claims: the Secretary of Labor can supervise payment of the unpaid wages owed the employee; or the district court in which a private action is pending can enter a stipulated judgment. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982). In the latter case, the district court must determine that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354–55. Numerous district courts follow *Lynn's Food*, including those in this District and the Ninth Circuit. *See, e.g., Shea v. Ryla Teleservs.*, No. 1:11-cv-0626-AWI-BAM, 2012 WL 4210291, *2–3 (W.D. Wash. 2012) (noting "settlement of private actions for back wages . . . must be approved by the district court" and citing *Lynn's Food*); *Almodova v. City and Cnty. of Honolulu*, 2010 WL 1372298, *2 (D. Haw. 2010) (describing *Lynn's Food* as a "seminal" opinion); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (describing *Lynn's Food* as a "well reasoned and oft-cited decision").

22. The Parties agree that the settlement does not include a Rule 23 Class for any state law wage claims. The only plaintiffs in this case are the 82 individuals (Named Plaintiffs and Opt-in Plaintiffs) who have filed proofs of claim in the Chapter 11 Cases. The Withdrawal Plaintiffs did not assert their claims in the Chapter 11 Cases. "The primary focus of the Court's inquiry in determining whether to approve the settlement of a FLSA collective action is not, as it would be for a Rule 23 class action, on due process concerns[.]" *Sanderson Farms*, 568 F. Supp. At 719 (citing *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982); *Kinney Shoe Corp. v. Vorhes* [sic], 564 F.2d 859, 863–64 (9th Cir. 1977)). Instead, the focus is on

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 5
(2:10-cv-01123 RSM)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1 "ensuring that an employer does not take advantage of its employees in settling their claim for wages." *See id.*

23. Here, the employer has not taken advantage of its employees in settling their wage cases. Plaintiffs have been represented by Plaintiffs' counsel throughout this process. Plaintiffs' Counsel filed individual Proofs of Claim forms on behalf of the Named Plaintiffs and Opt-In Plaintiffs, so that they could continue to assert their claims in the Chapter 11 Cases.

24. The settlement in this case provides for allowed claims totaling $2,000,000. During this litigation, Plaintiffs retained a damages expert. According to his analysis, $2,000,000 represents almost 14 hours of overtime worked per week, over a three year statute of limitations (i.e., assuming a willful violation of the FLSA, *see* 29 U.S.C. § 255(a)), without liquidated damages, calculated *without* using the fluctuating workweek method. (*See* Declaration of Matthew C. Helland in Support of Joint Stipulation and Motion to Approve Settlement and Dismiss Action, submitted herewith and hereafter referred to as the "Helland Decl.", ¶ 3.) If the Court were to apply the fluctuating workweek method of calculating damages, the damages would be reduced greatly. *Compare Tumulty v. FedEx Ground Package Sys., Inc.*, 2005 WL 1979104 (W.D. Wash. 2005) (applying the fluctuating workweek (half-time) method of calculation) with *Zulewski v. Hershey Co.*, 2013 WL 633402 (N.D. Cal. 2013) (refusing to apply the fluctuating workweek (half-time) method of calculation).

25. Pursuant to the Chapter 11 Plan, Plaintiffs and Plaintiffs' Counsel will receive cash payments in the amount of 36.3% of their respective allowed claims.

26. Plaintiffs' Counsel has individual retainer agreements with the named Plaintiffs and the vast majority of the Opt-in Plaintiffs. (Helland Decl. ¶ 4.) Those retainer agreements provide for payment of attorneys' fees in the amount of one-third of any recovery, plus reimbursement of costs. (*Id.*) Plaintiffs' Counsel incurred approximately $56,000 in unreimbursed costs in costs litigating this case. (*Id.* at ¶ 5.) The allocation of the $2,000,000 settlement amount apportions this $56,000 in costs proportionately amongst Plaintiffs. (*Id.*) It also accounts for one-third of the $2,000,000 amount as fees, apportioned proportionately amongst Plaintiffs. (*Id.*)

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 6
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

27. Because Plaintiffs' Counsel's allowed claims for fees and costs will be paid out at 36.3% of the allowed claim amount, Plaintiffs' counsel will receive reimbursement for only 36.3% of its expended costs. In other words, Plaintiffs' Counsel did not gross up its costs to account for the expected 36.3% cash payout. The net result of the 36.3% payout amount is that Plaintiffs' Counsel will use some of its fees to cover the unreimbursed costs. (Helland Decl. ¶ 6.) The ultimate fee recovery will therefore be less than one-third of the total cash paid out in the bankruptcy case.

WHEREFORE, the Parties respectfully request that this Court dismiss this Action with prejudice and without an award of costs or attorneys' fees, and approve the Settlement Agreement between the Parties as a fair, adequate and reasonable resolution of the claims raised, or which could have been raised, in this litigation and dismissing this case with prejudice.

RESPECTFULLY SUBMITTED this 10th day of April 2014.

| NICHOLS KASTER, LLP | JACKSON LEWIS P.C. |
|---|---|
| By  /s/ Matthew C. Helland    <br>Matthew C. Helland<br>One Embarcadero Center, Suite 720<br>San Francisco, California 94111<br>Tel:  415-277-7235<br>Fax:  415-277-7238<br>E-mail:  helland@nka.com<br>Beth E. Terrell, WSBA #26759<br>Terrell Marshall & Daudt PLLC<br>3600 Fremont Avenue North<br>Seattle, Washington 98103<br>Tel:  206.816.6603<br>Fax:  206.350.3528<br>E-mail:  bterrell@tmdlegal.com<br>*Attorneys for Plaintiffs* | By  /s/ Peter H. Nohle    <br>Peter H. Nohle, WSBA #35849<br>Paul DeCamp, *pro hac vice*<br>William J. Anthony, *pro hac vice*<br>David R. Golder, *pro hac vice*<br>520 Pike Street, Suite 2300<br>Seattle, WA  98101<br>nohlep@jacksonlewis.com<br>decampp@jacksonlewis.com<br>anthonyw@jacksonlewis.com<br>golderd@jacksonlewis.com<br><br>*Attorneys for Defendants Residential Capital LLC and Ally Financial, Inc.* |

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS ACTION AGAINST DEFENDANTS WITH PREJUDICE & ORDER REGARDING THE SAME - 7
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**ORDER**

Based upon the foregoing Joint Stipulation and Motion to Approve Settlement and Dismiss Action Against Defendants with Prejudice, the supporting Declaration of Matthew C. Helland, and this Court's review of the Settlement Agreement together with the records and files previously submitted in this Action, the Court hereby approves of the settlement as fair, adequate, reasonable, and binding on all parties. Accordingly, it is hereby ORDERED that the above-entitled action be dismissed against all Defendants with prejudice and without an award of costs of attorneys' fees to any party (other than as set forth in the parties' Settlement Agreement).

DATED this 16th day of April 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

JACKSON LEWIS P.C.

By  */s/ Peter H. Nohle*
    Peter H. Nohle, WSBA #35849
    Paul DeCamp, *pro hac vice*
    William J. Anthony, *pro hac vice*
    David R. Golder, *pro hac vice*
    Attorneys for Defendants Residential Capital LLC
    and Ally Financial, Inc.

NICHOLS KASTER, LLP

By  */s/ Matthew C. Hellend*
    Matthew C. Helland

    Beth E. Terrell, WSBA #26759
    Terrell Marshall & Daudt PLLC

    *Attorneys for Plaintiffs*

JOINT MOTION TO APPROVE SETTLEMENT & DISMISS
ACTION AGAINST DEFENDANTS WITH PREJUDICE
& ORDER REGARDING THE SAME - 8
(2:10-cv-01123 RSM)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404